OPINION
Defendant-appellant, David D. Shipman was indicted on five counts of rape, two counts of felonious assault and two counts of aggravated burglary. On March 19, 1992, appellant plead guilty to one count of rape in violation of R.C. 2907.02(A)(2), with a firearm specification, and one count of felonious assault in violation of R.C. 2903.11(A)(2). Appellant was sentenced to five years to twenty-five years on the rape count and three to fifteen years on the felonious assault count. The court ordered that the sentences be served concurrently. A term of three years of actual incarceration was ordered for the firearm specification.
On October 3, 1997, appellant made a post-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant contends that a manifest injustice occurred because the trial court indicated at the plea hearing that it would consider a motion for shock probation after the three years actual incarceration and six months of incarceration for the actual counts. However, as appellant prepared a motion for shock probation, he discovered that because his offense involved the use of a firearm, he was not eligible for shock probation.
On October 14, 1997, the trial court denied appellant's motion to vacate his guilty plea finding that "the defendant was not induced to plead guilty by any representation from the court regarding shock probation." On appeal, appellant asserts a single assignment of error:
 THE TRIAL COURT HAD AMPLE OPPORTUNITY TO INFORM THE APPELLANT HE WAS INELIGIBLE FOR SHOCK PROBATION PRIOR TO APPELLANT'S PLEA AND AFTER ACCEPTING THE PLEA. THE TRIAL COURT ERRS IN STATING THE APPELLANT WOULD BECOME ELIGIBLE FOR SHOCK PROBATION. THIS ERROR INDUCES THE APPELLANT'S GUILTY PLEA.
The issue is whether appellant's plea was knowingly entered when he knew he was not eligible for probation on the firearm specification, but did not understand that he was not eligible for shock probation on the other counts. The record reflects that appellant understood that he was not eligible for probation during the three years of actual incarceration for the gun specification. However, it also appears from the record that appellant may not have known that he was not eligible for shock probation after serving the three years of actual incarceration on the gun specification.
Appellant contends that the trial court's statement that he was eligible for probation constituted a violation of Crim.R. 11-(C)(2)(a) which states:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such a plea without first addressing the defendant personally and
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
Although strict compliance with Crim.R. 11(C)(2) is preferred, "substantial compliance" is acceptable, provided that the defendant is not prejudiced. State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. In addition, a defendant bears the burden of demonstrating prejudice if compliance is less than strict. Id.
 [W]here the totality of the circumstances indicates that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to a nonprobational crime * * * without personally advising the defendant that he was eligible for probation constitutes a substantial compliance with Crim.R. 11.
Id.
In State v. Poole (Dec. 19, 1991), Allen App. No. 1-86-43, unreported, discretionary appeal not allowed (1992), 63 Ohio St.3d 1439, the Third District addressed the issue of whether the trial court erred by misstating to Poole that he would be eligible for "shock probation" after six months incarceration. The Poole court held that the voluntariness test of a negotiated guilty plea in Nero applies to a trial judge's misstatement of law that defendant is eligible for shock though not regular probation. Therefore, as in Nero, we must determine whether the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11 or if appellant was prejudicially affected by the trial court's misstatement that he would be eligible for shock probation. The test is whether appellant otherwise would have entered his plea.
In the instant case, the trial court personally addressed appellant concerning the required Crim.R. 11 material, accepted the guilty plea, and heard the prosecution's statement of the facts; then appellant's attorney presented a list of requests to the trial court, including "an opportunity for shock probation after the firearm specification has been served". The court responded, "[a]s to the shock motion, the Defendant will become eligible to file a shock motion after he's been in, after he started serving — after he's served at least six months of the basic terms, and, of course, we'll entertain the motion when it's filed."
A review of the record indicates that no part of the plea bargain concerning the penalty to be imposed held out probation to appellant as encouragement for him to plead guilty. The record is clear that after consulting with counsel, appellant entered a plea of guilty before the trial court made the misstatement concerning his eligibility for shock probation.
Furthermore, appellant was given a generous plea bargain in exchange for his plea. While the trial court erred in stating that appellant would be eligible for shock probation, it is not logical to conclude that the court's mistake is enough to overcome the advantages to appellant from his plea bargain.
Accordingly, we find no prejudice occurred to appellant by the trial court's misstatement that he would be eligible for shock probation. Under the totality of the circumstances, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.
Judgment affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.