As required by Crim.R. 11, the trial court before accepting a plea of guilty must determine that the offender is entering the plea voluntarily and with understanding the nature of the charge, the penalty involved, and, if applicable, the court must advise that he is not eligible for probation.
The record in this cause patently indicates that appellant was advised pursuant to his "wish list" that he was eligible for shock probation. The court stated at the plea hearing, "Alright. As to the shock motion, the Defendant will become eligible to file a shock motion after he's been in, after he started serving — after he's served at least 6 months of the basic terms, and, of course, we'll entertain the motion when it's filed."
The majority generously concedes "that appellant may not have known that he was not eligible for shock probation after serving the three years of actual incarceration on the gun specification." Appellant contends it was only while preparing his pro se motion for shock probation that he learned he was ineligible for relief and therefore moved to withdraw his plea.
The majority writes that substantial compliance with Crim.R. 11 is acceptable, provided the defendant is not prejudiced. The authority for this conclusion is State v. Stewart (1977), 51 Ohio St.2d 86, which found no prejudice to the defendant when the trial court failed to advise him that he was ineligible for probation. The trial court's omission in Stewart is not the circumstance in this cause.
The majority relies on State v. Nero (1990), 56 Ohio St.3d 106,108, for the proposition that substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the rights he is waiving. How could appellant in this cause subjectively understand he was ineligible for shock probation? The majority then changes the real issue and finds that the question is, would appellant enter his plea even if the court properly advised him?
The logic of the opinion is that appellant got such a good deal he would have taken it anyway. Why then, would appellant at this point be asking to withdraw his plea and have all other charges reinstated? The majority looks to State v. Poole (Dec. 19, 1991), Allen App. No. 1-86-43, unreported, to support the proposition that he intended to plead guilty anyhow.
Here, the evidence shows that appellant was not properly advised, and the plea was not made with the requisite full understanding. State v. Brigham (Feb. 27, 1997), Franklin App. Nos. 96APA07-964 and 96APA07-970, unreported.
Accordingly, I must dissent.