OPINION
This cause came to be heard upon the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, briefs of counsel, and oral argument. Defendant-appellant, Hardip Purewal, appeals the decision of the Cuyahoga County Court of Common Pleas which denied his motion to vacate his guilty plea to the charge of robbery in violation of R.C. 2911.02.
Since defendant-appellant's first and second assignments of error contain similar issues of law and fact, we will consider them concurrently:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO VACATE PLEA ABSENT A HEARING.
II. THE PLEA WAS NOT MADE KNOWINGLY AND INTELLIGENTLY.
Defendant-appellant initially argues the trial court abused its discretion in failing to conduct a hearing to determine whether or not there was a legitimate basis for withdrawing his guilty plea. It appears that defendant-appellant also argues his guilty plea was not made knowingly and intelligently since he was under the influence of drugs and in an altered state of mind. We disagree.
Contrary to defendant-appellants assertions, a review of the trial court's journal entry of May 5, 1998 establishes that a hearing was held by the trial court concerning defendant-appellant's motion to withdraw. Moreover, a review of the transcript establishes that on that day defendant-appellant's attorney informed the court that defendant-appellant's family wanted defendant-appellant to go to trial. The court then addressed defendant-appellant who informed the court that he wanted to go to trial and stated his reasons for the request. The court considered the evidence upon which the motion was made and, on that basis, denied the motion. Defendant-appellant's claims that he was denied a hearing on his motion is in stark contradiction to the record. Defendant-appellant's first assignment of error is not well taken.
In his second assignment of error, defendant-appellant argues his plea was not knowingly and intelligently made since he was under the influence of cocaine at the time of the plea. Again, there is nothing in the record which supports this assertion.
Crim.R. 11(C) provides in pertinent part:
 (1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.
 (2) In felony cases the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with the understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
In order to comply with Crim.R. 11 (C), a trial court must determine whether the defendant fully comprehends the consequences of his plea of guilty or no contest. Such a determination is made through an oral dialogue between the trial court and the defendant who is entering the plea of guilty or no contest.
 Adherence to the provisions of Crim.R. 11(C) (1) requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest.
State v. Caudill (1976), 48 Ohio St.2d 343, paragraph two of the syllabus.
In addition, the Supreme Court of Ohio has established that a trial court in accepting a plea of guilty need only substantially comply with the mandates of Crim.R. 11 (C). State v. Stewart
(1977), 51 Ohio St.2d 86, 92. While literal compliance with Crim.R. 11 is the preferred practice, the fact that the trial court did not strictly comply with Crim.R. 11 does not compel vacation of the defendants guilty plea if the reviewing court determines that there was substantial compliance. State v. Nero (1990), 56 Ohio St.3d 106. In Nero, the Ohio Supreme Court stated:
 Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Stewart, supra; State v. Carter (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980) 445 U.S. 963. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93, 5 O.O.3d at 5676, 364 N.E.2d at 1167; Crim.R. 52 (A). The test is whether the plea would have otherwise been made.
Id. at 108.
In this case, a review of the colloquy between the trial court and defendant-appellant demonstrates he understood the rights he was waiving with his plea of guilty. The trial court went to great lengths to ensure that Crim.R. 11 was substantially complied with. At no time was there any indication defendant-appellant was under the influence of drugs. In fact, it appears defendant-appellant's appellate counsel has confused trial counsel's statement at the sentencing hearing. While describing his discussions with defendant-appellant, trial counsel acknowledged there was "not much of a defense" to his crime other than defendant-appellant was totally intoxicated at the time of its commission.
There is nothing in the record to suggest, and defendant-appellant offered nothing to support, that he was intoxicated and/or under the influence of cocaine at the time he pled guilty. To the contrary, a review of the record clearly establishes the mandates of Crim.R. 11 had been substantially complied with and defendant-appellant entered his plea knowingly and intelligently. Additionally, after comparing the potential sentence defendant-appellant could have received to what he received, we do not find any prejudicial effect of his plea. See Stewart, supra.
Accordingly, defendant-appellant's second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J.
MICHAEL J. CORRIGAN, J.
ANNE L. KILBANE, J.