JOURNAL ENTRY and OPINION
Henry Jackson, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-342690, in which the trial court sentenced defendant-appellant to a seven year term of incarceration on the offense of felonious assault with a one year firearm specification. Defendant-appellant assigns three errors for this court's review.
Defendantt-appellant's appeal is not well taken.
On September 11, 1996, the Cuyahoga County Grand Jury returned a four-count indictment charging defendant-appellant with felonious assault, in violation of R.C. 2903.11, two counts of kidnaping, in violation of R.C. 2905.01, and one count of aggravated burglary, in violation of R.C. 2911.11. The first two counts contained a one and a three year firearm specification, pursuant to R.C. 2941.141 and R.C. 2941.145, respectively. The remaining counts contained two violence specifications arising out of the allegation that defendant-appellant caused physical harm to the victim during the commission of the offense and that defendant-appellant made an actual threat of physical harm to the victim with a deadly weapon. The indictment was based upon an incident between defendant-appellant and Helen Banks during which defendant-appellant allegedly fired a weapon near Ms. Banks, restrained Ms. Banks' liberty, forced her to take off her clothes and poured hot grease on her skin causing severe burns to occur.
On September 26, 1996, defendant-appellant was arraigned whereupon he entered a plea of not guilty to all counts contained within the indictment. On March 11, 1997, defendant-appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to felonious assault, a second degree felony, along with a plea of guilty to the one year firearm specification as charged in the first count of the indictment. The remaining counts and specifications were nolled upon recommendation of the state.
Prior to entering into the plea, defense counsel informed the trial court that he had engaged in extensive discussions with defendant-appellant during which defense counsel had explained at great length the details of the plea as well as defendant-appellant's constitutional rights. Defense counsel maintained that the plea defendant-appellant was about to enter was "freely and voluntarily given with the advice of his constitutional rights" and with full disclosure of everything for (sic) the prosecutor." The trial court then explained the plea and the possible sentences as follows:
 THE COURT: Right. That's why I'm asking. So this is a felony of the second degree under the new statute. That means punishable by a minimum of two and a maximum eight years in jail, plus time for the gun specification, which is stipulated by both parties as a one year statute.
 So with that count, the maximum could be nine years. You understand what you are pleading to? Its totally up to me what I choose to do. So you understand that.
THE DEFENDANT: Yes.
(T. 7-8.) The trial court then explained defendant-appellant's constitutional rights pursuant to Crim.R. 11(C) which defendant-appellant maintained he understood. Defendant-appellant stated further that no one had promised him anything or threatened him in any way to coerce the plea of guilty. Defendant-appellant then entered a plea of guilty to felonious assault along with the one year firearm specification. The trial court accepted defendant-appellant's plea, nolled all remaining counts contained in the indictment and referred defendant-appellant to the Cuyahoga County Probation Department for completion of a pre-sentence investigation and report prior to sentencing.
On April 4, 1997, the trial court conducted a sentencing hearing during which the trial court heard statements from the victim as to the events leading up to the crime and the details of the act itself. A number of defendant-appellant's family members and a former co-worker made individual statements in support of defendant-appellant. Defendant-appellee also made a statement in which he doubted the credibility of the victim as well as her version of the crime. At the conclusion of the sentencing hearing, the trial court sentenced defendant-appellant to a term of eight years incarceration on the charge of felonious assault and an additional year on the firearm specification to be served consecutively. On April 14, 1997, defendant-appellant filed a motion to vacate his guilty plea of March 11, 1997.
On May 1, 1997, the trial court conducted a separate hearing upon its own motion. During this hearing, the trial court vacated its sentencing entry of April 4, 1997 and re-sentenced defendant appellant to a term of seven years incarceration on the offense of felonious assault plus the additional one year consecutive sentence on the firearm specification. The trial court determined, upon reconsideration, that the minimum sentence did not apply to this case in light of defendant-appellant's continued alcohol abuse, lack of remorse up to that point in the proceedings, the violent nature of the offense and the resulting serious and permanent injury to the victim. The trial court determined that these factors outweighed defendant-appellant's lack of prior involvement in the criminal justice system. The trial court awarded defendant-appellant credit for time served. Subsequently, on February 26, 1998, the trial court denied defendant-appellant's motion to vacate his guilty plea.
On May 5, 1998, defendant-appellant filed a motion for leave to file a delayed appeal. This court granted defendant-appellant's motion on June 1, 1998.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO COMMUNITY CONTROL SANCTION.
Defendant-appellant argues, through his first assignment of error, that the trial court erred in sentencing him to a term of imprisonment on the offense of felonious assault rather than to a community control sanction. Specifically, defendant-appellant maintains that the trial court's sentence is not supported by clear and convincing evidence in light of the fact that there were substantial mitigating factors presented to rebut the presumption of incarceration that goes along with a conviction for a second degree felony pursuant to R.C. 2929.13(D). It is defendant-appellant's position that his lack of any prior criminal record and his expressed desire to seek treatment for a long term alcohol problem, combined with the fact that the offense occurred when defendant-appellant was under the influence of alcohol, provide evidence of sufficient mitigating factors for a sentence of a community control sanction rather than seven years incarceration.
The offense of felonious assault, as indicted, is a felony of the second degree. For a felony of the second degree there is a presumption that a prison term is necessary to comply with the principles and purposes of sentencing set forth in R.C. 2929.11. In such cases, the trial court may impose community control sanctions rather than a term of imprisonment only if the court makes both of the following findings pursuant to R.C. 2929.13(D):
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12
of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
R.C. 2929.12, which sets forth the factors to be considered in felony sentencing, provides in pertinent part:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
* * *
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 (1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
* * *
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
* * *
 (4) The offender has demonstrated a pattern of or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
In the case herein, a review of the record demonstrates that the trial court did not err by sentencing defendant-appellant to a seven year term of incarceration rather than a community control sanction. Initially, it should be noted that, in addition to the guilty plea on the offense of felonious assault, defendant-appellant also entered a plea of guilty to a one year firearm specification pursuant to R.C. 2941.141. Since a plea of guilty to this specification requires a one year mandatory prison sentence, defendant-appellant had to serve this mandatory sentence regardless of the trial court's sentence on the second degree felony. A further review of the record demonstrates that the trial court considered the relevant factors in reaching an appropriate sentence in this case. The trial court determined that defendant-appellant had seriously harmed the victim causing severe and permanent injury. The trial court also determined that the offense occurred while defendant-appellant was intoxicated and that defendant appellant had a long-term problem with alcohol. Lastly, the trial court found that defendant-appellant did not show genuine remorse over the incident until after he was sentenced to the maximum term of incarceration on April 4, 1997. Taking all these factors into consideration, the trial court stated:
 * * * you need to be separated from us, what I mean is when folks are violent, whether they are drinking or not drinking, we can't have them out in the community because they are a danger to people. And in your condition then I believe you were and are a danger. And therefore, I am going to impose the sentence of seven years plus one * * *.
(T. 9.) Based upon the foregoing, this court cannot now say that the trial court failed to comply with the statutory framework by which it was bound in sentencing defendant-appellant. State v.Spillman (Feb. 10, 1998), Franklin App. No. 97APA07-929, unreported. The record clearly and convincingly supports the sentence of the trial court. Therefore, the trial court did not abuse its discretion in concluding that defendant-appellant's conduct did not override the presumption in favor of the imposition of a prison sentence.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED IN FAILING TO SENTENCE THE APPELLANT TO THE MINIMUM SENTENCE.
Defendant-appellant argues that, should this court conclude that community control sanctions are not appropriate in this situation, as this court has so concluded in its disposition of defendant-appellant's first assigned error, the trial court still erred by failing to impose the minimum prison term authorized for a felony of the second degree. Specifically, defendant-appellant maintains that, in this instance, a two year prison term would not demean the seriousness of the felonious assault given his lack of a prior criminal record, his work history and his ongoing problem with alcohol.
R.C. 2929.14 (B), which deals with basic prison terms, provides:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In this instance, the trial court specifically determined that the minimum sentence was not applicable to defendant-appellant. The trial court reasoned that, given the serious nature of the injuries defendant-appellant inflicted on the victim and the violent manner in which those injuries were inflicted, defendant appellant was clearly a danger to the community. Therefore, the trial court concluded that the minimum sentence was not appropriate under the circumstances as it would demean the seriousness of the offense and would not adequately protect the public from future crime by defendant-appellant. See State v.Hedrick (Feb. 9, 1999), Summit App. No. 18955, unreported.
Defendant-appellee's second assignment of error is not well taken.
Defendant-appellee's third and final assignment of error states:
 III. THE APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY ENTERED AS THE TRIAL COURT FAILED TO INFORM HIM THAT HIS PLEA WAS NONPROBATIONABLE.
Defendant-appellee maintains, through his third and final assignment of error, that he would not have entered a plea of guilty to the one year firearm specification if he had known that such a plea would render him ineligible for probation. It is defendant-appellant's position that he was never informed by the trial court or defense counsel that the firearm sentence was a mandatory sentence and, therefore, the trial court failed to substantially comply with the mandates of Crim.R. 11(C)(2)(a).
In accepting a plea of guilty, the trial court need only substantially comply with the requirements of Crim.R. 11. SeeState v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474; State v.Solivan (Sept. 4, 1997), Cuyahoga App. No. 71972, unreported. Substantial compliance means that, under the totality of the circumstances, the defendant understands the implications of his guilty plea as well as the constitutional rights he is waiving by entering the plea. State v. Carter (1979), 60 Ohio St.2d 34, 38,396 N.E.2d 757.
Crim.R. 11(C) provides in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and the maximum penalty involved, and, if applicable, that he is not eligible for probation.
In Nero, supra, the Supreme Court stated in the syllabus that:
 Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11. (State v. Stewart
[1977]. 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163, followed.)
In this case, a review of the record from the trial court demonstrates that, while the trial court did not specifically state that the sentence on the firearm specification to which defendant-appellant was pleading guilty was nonprobationable, the court did indicate that the one year sentence was mandatory and had to be served consecutively to any additional sentence on the felonious assault charge. In addition, defense counsel stated that he had discussed the plea with defendant-appellant in great detail and defendant-appellant was fully aware of the consequences of entering a plea of guilty to the indicted offenses. Under the present circumstances, it is apparent that the trial court substantially complied with the requirements of Crim.R. 11 in accepting defendant-appellant's guilty plea. SeeState v. Benjamin (Sept. 3, 1998), Cuyahoga App. No. 73017, unreported; State v. Harris (Dec. 11, 1997). Cuyahoga App. No. 71897, unreported.
Defendant-appellee's third and final assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure
DYKE, P.J., and SWEENEY, JAMES D.J. CONCUR.
 __________________________________ MICHAEL J. CORRIGAN JUDGE