OPINION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas' judgment of conviction and imposition of sentence of appellant, Darrell Stewart, following pleas of no contest to two counts of assault on a police officer, a violation of R.C. 2903.13(A) and (C)(3). Appellant sets forth the following assignments of error:
"First Assignment of Error
 "THE TRIAL COURT ERRED IN ACCEPTING WITHOUT INQUIRY DEFENDANT-APPELLANT'S PLEA OF `NO CONTEST' WHEN THE RECORD AFFIRMATIVELY DEMONSTRATES THAT HE TOLD THE COURT HE WAS THREATENED OR PROMISED SOMETHING IN RETURN FOR HIS PLEA."
"Second Assignment of Error
 "A CRIMINAL DEFENSE ATTORNEY FAILS TO PROVIDE CONSTITUTIONALLY EFFECTIVE ASSISTANCE TO HIS CLIENT WHEN HE DOES NOT OBJECT TO A `NO CONTEST' PLEA ENTERED AFTER THE CLIENT WAS THREATENED OR PROMISED SOMETHING IN RETURN FOR THE PLEA."
Under his first assignment of error, appellant maintains that his no contest plea should not have been accepted because he informed the court that he had been threatened or promised something in return for his plea. During the plea colloquy, the trial court first asked appellant:
 "THE COURT: Has anyone promised you anything, threatened you in any way in order to get you to enter these pleas?
"THE DEFENDANT: No, sir.
The trial court then explained the nature of a no contest plea and that appellant was waiving the presumption of innocence, the right to a jury trial, the right to present and cross-examine witnesses, and the right to remain silent at trial. The court then reiterated that appellant was withdrawing his plea of not guilty to each count and entering pleas of no contest; appellant responded affirmatively. The following colloquy took place:
 "THE COURT: Has anyone threatened or promised you anything in order to get you to enter these pleas?
"THE DEFENDANT: Yes, sir.
 "THE COURT: In so pleading you waive and give up each of the rights we have gone over?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Okay, Mr. Stewart, did you review this written plea of no contest with your lawyer before you signed it?
"THE DEFENDANT: Yes, sir.
"THE COURT: And you understood what was contained in that?
"THE DEFENDANT: Yes, sir.
 "THE COURT: You signed this of your own free will without threats or promises?
"THE DEFENDANT: Yes, sir."
Crim.R. 11(C) (2) governs the acceptance of a no contest plea in felony cases and provides in relevant part:
 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such a plea without first addressing the defendant personally and:
 "(a) Determining that he is making the plea voluntarily, with the understanding of the nature of the charge and the maximum penalty involved, and, if applicable, that he is not eligible for probation."
The purpose of Crim.R. 11(C) is to aid in the determination of the voluntariness of a defendant's plea. State v. Nero (1990),56 Ohio St.3d 106, 107. Literal compliance with the rule is preferred; however, vacation of a plea is not required where the reviewing court determines there has been substantial compliance. Id. at 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92-93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
This court has carefully reviewed the transcript of the plea proceedings herein. The record reflects that the trial court explained all the constitutional rights appellant was entitled to as required by Crim.R. 11. Appellant read and signed a no contest plea form. While appellant did respond affirmatively when asked whether he was induced to enter into the plea by threats or promises, he was asked the question both prior to and again after the positive response and each time responded that the pleas were not the result of threats or promises. Further, the entire colloquy between the trial court and appellant, absent the isolated response, demonstrates that appellant wished to enter the pleas. Thus, we find that under the totality of the circumstances appellant understood the nature of the pleas and entered them knowingly and voluntarily. Accordingly, appellant's first assignment of error is not well-taken.
Appellant's second assignment of error claims that appellant's trial counsel was ineffective because counsel also failed to seek an elaboration of appellant's response to the question regarding threats or promises. Because we find that appellant entered the pleas knowingly and voluntarily, we find that appellant's second assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J. JUDGE
 _______________________________ Richard W. Knepper, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.