This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant Richard Collins appeals from his conviction following a guilty plea to two counts of felonious assault (R.C.2903.11) with firearm and aggravated felony specifications. Defendant contends that his plea was not knowingly and intelligently entered pursuant to Crim.R. 11(C)(2) because the trial court failed to inform him the offenses were not probationable. We find no reversible error and affirm.
On April 16, 1996, defendant shot Edward Jordan and Christopher Lockette. He put Lockette in the trunk of his car and drove around for two hours before dropping him off at Saint Vincent Charity Hospital. Both Mr. Jordan and Mr. Lockette survived. Lockette, however, is paralyzed from the hips down and is consequently confined permanently to a wheelchair.
Defendant was indicted on two counts of attempted murder (R.C.2923.02 and R.C. 2903.02), each count with a firearm specification and an aggravated felony specification, which reflects a prior conviction for voluntary manslaughter. He was also indicted on one count of kidnapping (R.C. 2905.01) and one count of having a weapon while under disability (R.C. 2923.13), each with firearm and aggravated felony specifications.
After withdrawing his initial plea of not guilty, defendant pled guilty to two counts of felonious assault, both counts with an aggravated felony specification, and one count with a firearm specification. The kidnapping and having a weapon while under disability charges were nolled. Defendant was consequently sentenced to two terms of twelve to fifteen years imprisonment, to run concurrently, with an additional consecutive sentence of three years for the firearm specification. Pursuant to R.C.2951.02(F), defendant was ineligible for probation or a suspended sentence under R.C. 2929.51(D)(2) because he was armed with a firearm, an offense which requires actual incarceration pursuant to R.C. 2929.71. Furthermore, defendant pled guilty to felonious assault with a firearm, which is an aggravated felony of the second degree and, as such, requires actual incarceration pursuant to R.C. 2929.11(B)(2)(b).
Defendant's sole assignment of error states as follows:
 I. FAILURE TO ADVISE THE DEFENDANT THAT THE CHARGES TO WHICH HE PLED GUILTY WERE NON-PROBATIONABLE AND WHERE FURTHER, THE CIRCUMSTANCES SURROUNDING THE PLEA ACTUALLY SUPPORTED THE CONTRARY, PLAIN ERROR THEREFORE RESULTED IN PREJUDICE TO THE DEFENDANT AND VACATION OF HIS PLEAS IS NECESSITATED.
Defendant contends that because the trial court failed to explicitly inform him before he pled guilty that he was ineligible for probation, the trial court did not comply with the requirements of Crim.R. 11 and his plea should be vacated. We find no merit to this argument.
Crim.R. 11(C) states in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or community sanctions.
* * *
The taking of a plea will be affirmed on appeal so long as the reviewing court determines that the trial court substantially complied with the requirements of Crim.R. 11. As held in State v.Stewart (1977), 51 Ohio St.2d 86, syllabus:
 Where an individual is indicted on a charge of aggravated murder, with specifications thereto, and the trial court accepts a plea of guilty to the lesser included offense of murder (R.C. 2903.02) without personally advising the defendant that he is ineligible for probation, such omission does not constitute prejudicial error, and there is substantial compliance with the provisions of Crim. R. 11. * * *.
"Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108. A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect. Id.
We find that defendant's plea in this case was made knowingly, voluntarily and intelligently as the trial court expressly found. (Tr. 16). The court below noted defendant's previous 1982 aggravated felony conviction for voluntary manslaughter. Then, before accepting defendant's plea, the court informed defendant of the consequences of pleading guilty to the firearm specification:
 COURT: Now, this plea would carry a possible sentence itself, or in addition to count one, of eight, nine, ten, 11, 12 up to 15 years, plus a three-year gun specification. The three-year gun specification would have to be served first before any sentence would begin. Do you understand all that?
DEFENDANT: Yes, sir.
(Tr. 14). By advising the defendant that the "three year gun specification would have to be served first" the trial court made clear that defendant was going to prison. We have no doubt defendant understood that because at no point did the suggestion of probation ever arise. This is all the more evident when the court recited the sentences for the underlying crimes.
The following discussion between the court and defendant demonstrates that the trial court explicitly discussed the minimum and maximum terms of imprisonment with defendant.
 COURT: So the total time here could be as little as 11 to 15 years or as much as 27 to 30 * * *. If both were run eight to 15 concurrent, plus three, that would be 11 to 15, which would be the minimum possible time he could possibly be sentenced to. The maximum possible time could be 24, if you add 12 to 15 to 12 to 15, and the three, and that would be 27 to 30 years. Do you understand all that, Mr. Collins?
DEFENDANT: Yes, sir.
(Tr. 8). Here, the trial court was plainly talking about the time defendant would serve in prison — not on probation. This defendant, a prior convicted felon, had no reason to expect probation in the face of these substantial sentences.
This Court recently found that Crim.R. 11(C)(2)(a) was satisfied when defendant was advised of his actual incarceration in State v. Beamon (March 25, 1999), Cuyahoga App. No. 73813, unreported at 4:
 Here, the facts showed the trial court substantially complied with Crim.R. 11 when Beamon entered his guilty plea. The trial court then enumerated the potential terms of incarceration. When a trial court refers to actual incarceration, it substantially complies with Crim.R. 11. State v. Williams
(Oct. 23, 1997), Cuyahoga App. Nos. 71151, 71152, 71153, 71154, unreported. Furthermore, the trial court explained to Beamon that due to changes made by Senate Bill II, he could also be subject to post-release control. The court then explained the circumstances surrounding post-release control. Beamon acknowledged that he understood the sentencing possibilities.
 Although the trial court did not specifically tell Beamon he was not eligible for probation, its compliance with Crim.R. 11 was nevertheless substantial. Thus, Beamon's guilty plea need not be vacated solely for this reason. State v. Nero (1990), 56 Ohio St.3d 106. See, also, State v. Hyatt (1996), 116 Ohio App.3d 418. Accordingly, we conclude the trial court substantially complied with Crim.R. 11. Beamon's third assignment of error is overruled.
Similarly, the Supreme Court held in State v. Nero (1990),56 Ohio St.3d 106, syllabus:
 Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobational crime of rape without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11. (State v. Stewart [1977], 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163, followed.)
Accordingly, we find from the totality of the circumstances that the trial court substantially complied with Crim.R. 11(C)(2)(a) when it informed defendant that the three-year sentence for the gun violation would have to be served first, before his minimum prison term of eight to fifteen years even began. Although the dissent has reservations about the effectiveness of this language, this defendant had no reason to expect probation in the face of his heinous crimes. No reasonable person would conclude that the trial court did not mean what it said — defendant was headed to prison. In addition, defendant never requested or raised probation at his plea or sentencing hearing, indicating his understanding he was not eligible.
Furthermore, defendant asserts that the trial court's use of the phrase "possible sentence" implied that he was eligible for probation. Defendant correctly states that the trial court expressed that he would be sentenced to a "possible sentence" of eight, nine, ten, eleven, twelve and as much as fifteen years on each count. However, it is evident from the record that the court's use of the word "possible" referred to the potential length of defendant's sentence, not the sentence itself.
In conclusion, Crim.R. 11(C) does not require that the court specifically inform a defendant about probation eligibility as long as the court determines that defendant understands that he is not eligible for probation. The record reflects that by informing defendant of his twelve to fifteen year minimum sentence, after first serving three years on the gun specification, the trial court informed defendant, a repeat offender, in a manner reasonably intelligible to him that he would be sentenced to a term of actual imprisonment and not eligible for probation.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., CONCURS. (SEE CONCURRING OPINION ATTACHED.)
 KARPINSKI, J., DISSENTS. (SEE DISSENTING OPINION ATTACHED.)
 _________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE