DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant pled no contest to and was found guilty of felony drug possession and attempted robbery. Because we conclude that the trial court was correct in its determinations and appellant's appeal is frivolous and without merit, we affirm.
In case No. CR-98-2779, appellant Ronald Robinson was indicted for possessing cocaine. He was arraigned and pled not guilty. On January 20, 1999, after several pretrials, the court noted defense counsel's intention to file a motion to dismiss and a motion to suppress. Appellant, however, failed to appear at that pretrial and upon the state's request, the court issued a capias.
In case No. CR-99-1392, appellant was indicted on a charge of robbery. He pled not guilty.
On June 9, 1999, the state and counsel for the defense reached a plea agreement in both cases. Appellant changed his pleas of not guilty to pleas of no contest in CR-98-2779 (possessing cocaine) and CR-99-1392 (attempted robbery). In case CR-98-2779, defense counsel also withdrew his motion to suppress. On June 30, 1999, the court found appellant guilty in both cases. In case CR-98-2779, appellant was sentenced to eleven months in prison and in case CR-99-1392 appellant was sentenced to seventeen months in prison. Pursuant to R.C. 2929.14(E), the court found that both sentences would be served consecutively. It is from this judgment that appellant appeals. Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellant's counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel states that, after careful review of the record and legal research he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review. Counsel argues three potential errors "that might arguably support appeal." Anders, supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has not filed a brief on his own behalf.
We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
Upon consideration, we conclude that counsel's brief was consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300. The three proposed assignments of error set forth by counsel are as follows:
 "1. Appellant's pleas of no contest
entered in both cases were not knowingly and voluntarily made and the trial court committed error in accepting them.
 "2. Appellant was sentenced by the trial court without adequate findings of fact to justify imposition of consecutive eleven (11)and seventeen (17) month terms of imprisonment.
 "3. Appellant received the ineffective assistance of counsel when counsel failed to pursue to a hearing the motion to suppress and a motion to dismiss."
 I.
In his first assignment of error, appellant argues that his "pleas of no contest entered in both cases were not knowingly and voluntarily made and the trial court committed error in accepting them."
Crim.R. 11(C) applies to pleas of guilty and no contest in felony cases. Crim.R. 11(C), in pertinent part, states:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
A trial court must substantially comply with the requisites of Crim.R. 11(C). State v. Stewart (1977), 51 Ohio St.2d 92-93. Where the record indicates that the trial court personally addressed the defendant during his plea hearing and informed him of his constitutional rights as contained in Crim.R. 11, failure to inform the defendant of a non-constitutional right, such as probation, would not per se constitute prejudicial or plain error. Id. at 93.
During the June 9, 1999 hearing, the trial court informed appellant of all his constitutional and non-constitutional rights pursuant to Crim.R. 11(C). Furthermore, when asked if he understood his rights as explained to him, appellant answered in the affirmative. Nothing in the record indicates that appellant's pleas of no contest were made involuntarily or without knowledge. Therefore, the trial court complied with the requirements of Crim.R. 11(C).
Accordingly, appellant's first proposed assignment of error is not well-taken.
 II.
In his second assignment of error, appellant argues he "was sentenced by the trial court without adequate findings of fact to justify imposition of consecutive eleven (11) and seventeen (17) month terms of imprisonment."
R.C. 2929.14(E)(4) governs consecutive sentencing. R.C.2929.14(E)(4) states:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
When imposing consecutive sentences on a defendant, a court is required to substantially comply with the criteria of sentencing regulation. State v. Reznickchek (Dec. 18, 1998), Lucas App. No. L-97-1247, unreported.
Before imposing sentence on appellant, the trial court reviewed appellant's criminal record and found that he had fifty-two prior criminal convictions. The trial court also found that appellant served a prior prison term and was not amenable to community control. While the trial court did not indicate in particular which part of R.C. 2929.14(E)(4) it relied upon to impose consecutive sentences, the court specifically found that "consecutive sentences are necessary to protect the public from future crime by the offender." Therefore, since the trial court substantially complied with R.C. 2929.14(E)(4), the trial court did not abuse its discretion in imposing consecutive sentences.
Accordingly, appellant's second proposed assignment of error is not well-taken.
 III.
In his third assignment of error, appellant argues that he "received the ineffective assistance of counsel when counsel failed to pursue to a hearing the motion to suppress and a motion to dismiss."
In order to prove ineffective assistance of counsel, a defendant must show (1) that defense counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. See, also, Strickland v. Washington (1984),466 U.S. 668, 694. After extensive negotiations with the prosecution, defense counsel managed to have one of appellant's charges reduced from robbery to attempted robbery. Furthermore, when asked by the trial court if he was satisfied with defense counsel's work in his case, appellant answered in the affirmative. Our thorough review of the record in this case fails to disclose any evidence showing that defense counsel's representation fell below an objective standard of reasonableness. Therefore, this court need not address whether counsel's representation was prejudicial to his case.
Accordingly, appellant's third proposed assignment of error is not well-taken.
We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Peter M. Handwork, J., James R. Sherck, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.