OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The defendant-appellant, Russell Calvin Swanson ("the appellant"), appeals the judgment of conviction and sentence of the Marion County Court of Common Pleas following his guilty plea to one count of possession of cocaine with a firearm specification. For the following reasons, we affirm the judgment of the trial court.
In November 1998, the appellant was indicted by the Marion County Grand Jury on one count of possession of cocaine, in violation of R.C. 2925.11, with a firearm specification pursuant to R.C. 2941.141, as well as a major drug offender specification pursuant to R.C. 2941.1410. On November 23, 1998, the appellant entered a plea of not guilty to the charges set forth in the indictment.
Pursuant to a negotiated plea agreement, on January 7, 1999, the appellant appeared before the court, withdrew his previous not guilty plea, and entered a plea of guilty to one count of possession of cocaine with a firearm specification. In exchange for the appellant's guilty plea, the State of Ohio dismissed the major drug offender specification set forth in the indictment.
The trial court accepted the appellant's guilty plea, found him guilty of the offense, and sentenced him to a term of imprisonment of two years. The appellant also was ordered to serve a mandatory one-year prison term pursuant to the firearm specification. The trial court ordered the sentences to run consecutively.
The appellant now appeals, asserting two assignments of error for our review.
 Assignment of Error No. I
The trial court erred to the prejudice of the defendant-appellant by accepting his plea of guilty.
In his first assignment of error, the appellant argues that the trial court erred by accepting a guilty plea that was not made knowingly, voluntarily, and intelligently. Specifically, the appellant maintains that his plea should be vacated because the trial court did not explicitly inform him, before he pleaded guilty, of the nature of the charges against him and that he was not eligible for probation. For the following reasons, we do not agree.
Initially, we note that Crim.R. 11(C)(2) requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea. State v. Nero
(1990), 56 Ohio St.3d 106. These guarantees include (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. Id. at 107. In addition to the foregoing constitutional guarantees, Crim.R. 11(C)(2) requires the trial judge to inform the defendant of certain other matters before accepting a guilty plea. Nero, 56 Ohio St.3d at 107. Crim.R. 11(C)(2)(a)-(c) prescribes the following requirements for entering a plea of guilty or no contest in felony cases:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
The Supreme Court of Ohio has held that while literal compliance with the requirements set forth in Crim.R. 11(C)(2) is certainly the preferred practice, it is not an absolute requirement. Rather, with respect to these non-constitutional factors, the trial court's actions will be reviewed on a criterion of "substantial compliance" with Crim.R. 11(C)(2).State v. Stewart (1977), 51 Ohio St.2d 86, 92-93. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. at 93, State v. Carter
(1979), 60 Ohio St.2d 34, 38, certiorari denied (1980),445 U.S. 953. Moreover, a defendant who challenges a guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart,51 Ohio St.2d at 93. The test is whether the plea would have otherwise been made. Id.
In his brief, the appellant argues that his plea should be vacated on the basis that the trial court failed to explicitly inform him before he pleaded guilty of the nature of the charges against him and that he was not eligible for probation.[1]
Having conducted a thorough review of the record, we find that the requirements of Crim.R. 11(C)(2) as to the constitutional and non-constitutional factors have been more than adequately met.
Initially, we will address the appellant's contention that the trial court did not adequately inform him of the nature of the charges against him. At the plea hearing held on January 7, 1999, the trial judge specifically informed the appellant that by entering a guilty plea to one count of possession of cocaine, he did knowingly obtain, possess, or use a controlled substance. (Tr. 16-17.) The appellant also was informed that the offense was a felony of the second degree because the amount of cocaine in his possession exceeded ten grams. (Tr. 6, 17.)
With regard to the firearm specification, the trial judge informed the appellant that by pleading guilty, he acknowledged having a firearm on or about his person, or under his control during the offense. (Tr. 17.) The appellant also acknowledged at the plea hearing that he understood the nature of the charges against him. (Tr. 17.) For all of the foregoing reasons, we find no merit to the appellant's argument that the trial court failed to inform him of the nature of the charges against him.
We are also more than satisfied that at the time the trial court accepted the appellant's guilty plea, he was advised of the consequences of his plea and that a term of imprisonment was imminent. A review of the transcript of the plea hearing reveals that the trial judge explicitly informed the appellant that he was not eligible for community control sanctions or judicial release. (Tr. 21.) Therefore, the appellant was properly advised of the consequences of entering a plea of guilty.
In conclusion, the record before us reveals that the trial judge scrupulously adhered to the requirements of Crim.R. 11(C)(2). Thus, we find that the appellant's plea in this case was made knowingly, voluntarily, and intelligently. Therefore, we find no merit to the appellant's assignment of error.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
 Assignment of Error No. II
The trial court erred to the prejudice of the defendant-appellant by denying defendant- appellant effective assistance of counsel.
In his second assignment of error, the appellant maintains that he was denied effective assistance of counsel on the basis that his plea was tendered without having been informed of the nature of the charges against him and that he was not eligible for probation. Having previously established that the appellant's guilty plea was knowing, intelligent, and voluntary, we need not address the appellant's second assignment of error.
Accordingly, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 Judgment affirmed.
WALTERS and BRYANT, JJ., concur.
[1] We note that the appellant's brief cites an antiquated version of Crim.R. 11. At the present, Crim.R. 11(C)(2)(a) mandates that the trial court inform the defendant at the sentencing hearing that, if applicable, he is not eligible for probation or for the imposition of community control sanctions.