DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, James Brian Bennett, has appealed from his sentence imposed by the Summit County Court of Common Pleas for attempted trafficking in marijuana. We affirm.
Defendant was indicted on one count of trafficking in marijuana, in violation of R.C. 2925.03(A) and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1).
Defendant initially pled not guilty to the charges. However, as part of a plea bargain, Defendant subsequently pled guilty to attempted trafficking of marijuana, in violation of R.C. 2925.03(A), a fourth degree felony, and the original charges were dismissed. On July 22, 1998, the trial court imposed the agreed sentence of one year imprisonment. After completing the prison term, Defendant was placed on post-release control pursuant to R.C. 2967.28. When Defendant failed to report to his parole officer, he was arrested in Florida and transported back to Ohio. The Adult Parole Authority imposed a sentence of an additional 182 days for the violation of post-release control. Defendant served the sentence and currently remains on post- release control.
Defendant moved for leave to file a delayed appeal on March 30, 2000. This Court granted the motion. Defendant has raised three assignments of error for our review.
 ASSIGNMENT OF ERROR I The application of post-release control sanctions under R.C. 2967.28 violates [Defendant's] constitutional rights because R.C. 2967.28 is unconstitutional in that it usurps judicial power in violation of the doctrine of separation of powers.
 ASSIGNMENT OF ERROR II The application of post-release control sanctions under R.C. 2967.28 violates [Defendant's] due process rights under the Fourteenth Amendment of the Constitution of the United States and under Article I, Section 10 of the constitution of the State of Ohio.
In his first and second assignments of error, Defendant argues that Ohio's post-release control statute, R.C. 2967.28, is unconstitutional because it violates the separation of powers doctrine and the Due Process Clauses of the United States and Ohio constitutions, and therefore, the trial court erred in imposing post-release control measures. We disagree.
On August 3, 2000, the Ohio Supreme Court found that "R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio constitutions." Woods v. Telb (2000),89 Ohio St.3d 504, paragraph one of the syllabus. Accordingly, Defendant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III The court erred to [Defendant's] prejudice in failing to advise [Defendant] prior to accepting his guilty plea of the possible extension of his prison term, as required under R.C. 2943.032.
In his third assignment of error, Defendant argues that the trial court erred when it failed to inform him that his prison time could be extended, as required by R.C. 2943.032. Defendant claims that, because of this failure, he did not enter his plea knowingly, intelligently, and voluntarily. We disagree.
A trial court must always ensure that a criminal defendant realizes what he is giving up when he enters a plea of guilty. "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."North Carolina v. Alford (1970), 400 U.S. 25, 31, 27 L.Ed.2d 162, 164;State v. Ballard (1981), 66 Ohio St.2d 473, 479-480. R.C. 2943.032
provides that:
 Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 (A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 (B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11
of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
 (C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 (D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.
The record indicates and the state concedes that prior to the acceptance of Defendant's guilty plea and the imposition of his sentence, the trial court did not advise Defendant about the possible extension of prison time. However, the state urges application of the "substantial compliance" test identified in State v. Ballard (1981),66 Ohio St.2d 473, 475, and contends that Defendant's plea meets that standard.
When constitutionally mandated rights are at stake, a defendant must be meaningfully informed of the constitutionally guaranteed rights to be waived. See Crim.R. 11(C). The trial court's failure to meaningfully inform a defendant that he is waiving these rights by pleading guilty renders the guilty plea constitutionally infirm. State v. Ballard,66 Ohio St.2d at 478. However, when dealing with the waiver of nonconstitutional elements mandated by statute, the trial court need only substantially comply with the statute. State v. Ballard,66 Ohio St.2d at 475; State v. Stewart (1977), 51 Ohio St.2d 86, syllabus. Where the record discloses that the trial court has personally addressed a defendant during his plea hearing and has advised him of his constitutional rights, not informing the defendant of one of the nonconstitutional rights is not prejudicial error and is subject to the substantial compliance rule. State v. Ballard, 66 Ohio St.2d at 475.
"Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108. A defendant who challenges his guilty plea must show that the lack of compliance with this rule had a prejudicial effect. State v. Stewart, 51 Ohio St.2d at 93. The test for prejudice is whether the plea would have otherwise been made. State v. Nero,56 Ohio St.3d at 108.
In the instant case, the trial court personally addressed Defendant in a thorough plea hearing and, in accordance with Crim.R. 11, meaningfully informed him of his constitutional rights. Moreover, it is unlikely that the court's failure to personally inform Defendant about R.C. 2943.032
influenced Defendant to plead guilty or prevented him from understanding the effect of his plea. As a result of the plea bargain, the state amended the charge of trafficking in marijuana, a second degree felony, to the lesser included offense of attempted trafficking in marijuana, a fourth degree felony. Additionally, the state dismissed the charge of engaging in a pattern of corrupt activity, a first degree felony. Therefore, Defendant's sentence was reduced to one year imprisonment for the fourth degree felony. Had Defendant pled not guilty to the charges and gone to trial, he could have been convicted of a first and second degree felony and sentenced to a significantly greater period of imprisonment. Defendant has not shown he was prejudiced by the trial court's failure to personally address the possible extension of his prison sentence in compliance with R.C. 2943.032. Therefore, the trial court substantially complied with the statutory requirements. Defendant's third assignment of error is overruled.
Defendant's three assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J. BAIRD, J. CONCUR