[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the first assignment of error upon our determination that the appellant knowingly, voluntarily and intelligently entered no-contest pleas to charges of menacing by stalking and telecommunications harassment. The court below, in its Crim.R. 11(C) colloquy with the appellant at the hearing on the pleas, understated the maximum penalty to which the appellant was subject for each offense. But, prior to the plea hearing, the appellant had executed a written plea form that reflected the correct maximum possible sentences, and, during the hearing, he affirmed his understanding of the form's contents. Moreover, the court's misstatement of the maximum possible sentences and its ultimate imposition of sentences of confinement exceeding the misstated maximum sentences evoked neither an expression of surprise nor an objection by the appellant or his counsel. We conclude that the appellant knowingly, voluntarily and intelligently entered his pleas, when the record demonstrates that the common pleas court, despite its misstatement of the maximum possible sentences, substantially complied with Crim.R. 11(C) in accepting the pleas, and that the appellant was not thereby prejudiced. See State v. Stewart (1977), 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163,1166-1167; accord State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474, 476-477 (citing Stewart to hold that "[s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving," and that "[t]he test [for prejudice] is whether the plea would have otherwise been made"); see, also, State v. Mills
(Mar. 17, 1982), Hamilton App. Nos. C-810336 and C-810343, unreported (holding that reversal is not required when the record shows "substantial compliance with Crim. R. 11(C) coupled with a correct, informative, written plea[,] signed and understood by [the appellant,] and a lack of demonstrable prejudice").
We also overrule the second assignment of error, in which the appellant challenges the legal sufficiency of the "evidence" supporting his convictions and the imposition of consecutive terms of incarceration. The appellant's convictions for menacing by stalking in violation of R.C.2903.211(A) and telecommunications harassment in violation of 2917.21(B) were supported by legally sufficient evidence, when the appellant, by his no-contest pleas, "admi[tted] * * * the truth of the facts alleged in the indictment," Crim.R. 11(B)(2), and the facts alleged in the indictment established each element of the offenses charged. Furthermore, the appellant could, consistent with R.C. 2941.25(A), be charged with, found guilty of, and sentenced for both offenses, because the statutory elements of the offenses, viewed in the abstract, did not correspond to such a degree that the commission of one offense necessarily resulted in the commission of the other offense, and, therefore, the offenses were not allied offenses of similar import. See State v. Rance (1999),85 Ohio St.3d 632, 710 N.E.2d 699.
Finally, we overrule the appellant's third and fourth assignments of error, because the appellant waived, by failing to offer in the proceedings below, the challenges that he presents on appeal to the constitutionality of the statutes under which he was convicted. See Inre M.D. (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, syllabus; State v.Awan (1980), 22 Ohio St.3d 120, 489 N.E.2d 277, paragraph one of the syllabus.
We, therefore, affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann and Shannon, JJ., concur.
Painter, P.J., concurring separately.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.