OPINION
Appellant, Albert T. Hughes, appeals from the judgment entered by the Ashtabula Court of Common Pleas on March 31, 2000. Appellant was convicted of possession of cocaine and was sentenced to serve four years in prison.
Appellant was indicted by the Ashtabula County Grand Jury on January 4, 2000. There were two counts in the indictment. Count one was possession of cocaine, with a specification, and was a first degree felony. Count two was a similar charge, possession of cocaine, but with a different specification. The second charge was a third degree felony.
Appellant pled guilty to an amended version of count one, possession of cocaine, with a specification in violation of R.C. 2925.11(A) and (C)(4)(d), which is a third degree felony. In exchange for appellant's guilty plea to count one, the state dropped the second count.
Appellant did not cooperate with officials who were attempting to create the pre-sentence investigation report (PSI). Therefore, a PSI was never prepared. The trial court sentenced appellant to four years in prison.
Appellant raises a single assignment of error for this appeal:
 "The trial court erred by accepting appellant's guilty plea without first advising or finding that appellant was aware that the court could immediately proceed to judgement and sentencing upon acceptance of his plea pursuant to Crim.R. 11."
There are certain constitutional and procedural safeguards that a court is required to adhere to before accepting a guilty plea from an accused. Some of these safeguards are in Crim.R.11(C)(2), which states in relevant part:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"* * *
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgement and sentence."
This court has held that "[t]he waiver of Constitutional rights in Crim.R. 11(C)(2)(c) requires strict compliance from the trial court."State v. Mallon (Dec. 17, 1999), Trumbull App. No. 98-T-0032, unreported, 1999 Ohio App. LEXIS 6131, at *8. However, we further held that "[t]he trial court need not exercise such strict adherence when discussing the nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b)." Id. The Supreme Court of Ohio reviewed the absence of the safeguards contained in Crim.R. 11 in the case of State v. Nero (1990),56 Ohio St.3d 106. In Nero, the Supreme Court of Ohio stated "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial court did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." Id. at 108, citing State v. Stewart (1977),51 Ohio St.2d 86. Substantial compliance occurs where, by a totality of the circumstances, the defendant subjectively understood the rights he was waiving and the other implications of his plea. Id. at 108, citingStewart at 93. Additionally, the defendant challenging the validity of the plea must show a prejudicial effect. Id.
The trial court failed to expressly inform appellant that it could proceed immediately to judgment and sentencing upon acceptance of the guilty plea, which is the preferred way of satisfying the requirements of Crim.R. 11(C)(2)(b). However, the trial court substantially complied with the language of Crim.R. 11(C)(2)(b).
The court stated in the record that if the guilty plea was accepted, the law provides for one to five years in prison for the offense being pled to. The trial court further stated that a prison term was mandatory. The court reiterated this point later in the hearing stating "[t]here is going to be a prison term imposed. I just told you it was a mandatory term." Later, when informing appellant of his right to appeal, the trial court stated that "[a]nd that 30 days would begin to run on the date you're are sentenced. That's probably not going to be today, but sometime in the future." All of these statements in the record clearly indicated that a prison term was imminent if the plea was accepted. Further, the statement regarding appellant's right to appeal was that sentencing would "probably not be today," which, by negative implication, indicated that it could be today.
Although the following statement occurred after the plea was accepted, it is also relevant when viewed in the totality of the circumstances to show defendant understood the implications of his plea and the possibility of the court proceeding immediately with judgment and sentencing. Appellant's counsel asked that the trial court to "go ahead and sentence Mr. Hughes at the present time due to the fact that it is a mandatory prison term and that he is aware that the state was recommending merely the maximum possible sentence in this particular case of four out of five years." Based on this colloquy between the court and appellant, along with the fact the court expressly informed appellant of the other constitutional and procedural rights he was waiving, appellant was told the rights he was waiving. Appellant understood that the trial court could proceed immediately to judgment and sentencing upon acceptance of the plea. Therefore, the first prong of the Nero/Stewart
test was not met.
Appellant must show that there was a prejudicial effect of the trial court's failure to inform him that it could proceed directly to judgment and sentencing. There is clearly no prejudicial effect in this case, because the trial court did not sentence appellant immediately upon acceptance of the guilty plea. Even though the appellant's counsel requested the court to do so, the trial court waited in order to have a PSI completed. A PSI was never completed because the appellant failed to cooperate with officials conducting the interview. The trial court then sentenced appellant to prison on March 31, 2000, nearly six weeks after the February 18, 2000 hearing where the guilty plea was accepted.
This very same issue was recently before the Second District Court of Appeals in the case of State v. Hansbro (Dec 22, 2000), Clark App. No. 99-CA-93, unreported, 2000 Ohio App. LEXIS 6029. In Hansbro, the appellant also alleged that the trial court violated Crim.R.11(C)(2)(b), by not informing him that it could proceed immediately with judgment and sentencing upon acceptance of a guilty plea. The court held that Hansbro was not prejudiced because he appeared with counsel, "[h]is trial counsel interposed no objection, and gave no indication that he was unprepared to proceed with the sentencing hearing." Id. at *3. In the case subjudice, appellant also appeared with counsel, and counsel was prepared, and even requested, to proceed with the sentencing hearing. The fact that sentencing was postponed by the trial court makes these circumstances even less prejudicial to appellant than those before the Second District in Hansbro.
We, therefore, hold that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(b), and that appellant was not prejudiced in any way by the trial court's actions. Accordingly, appellant's assignment of error is without merit. We affirm the judgment of the trial court.
NADER, J. and GRENDELL, J., concur.