[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Amanda Padgett is appealing from her conviction on February 6, 1995, for aggravated robbery and aggravated burglary and her sentence of 8 to 25 years on both offenses, to be served consecutively. No timely appeal was filed. However, on February 2, 1998, Padgett moved this court for leave to file a delayed appeal pursuant App.R. 5(A), which this court granted on March 10, 1998.
Padgett brings to us the following two assignments of error on her appeal:
 THE COURT OF COMMON PLEAS COMMITTED PLAIN ERROR AND VIOLATED DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS PURSUANT TO U.S. CONST. AMEND XIV WHEN IT ACCEPTED A GUILTY PLEA FROM DEFENDANT-APPELLANT THAT WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED. DEFENDANT-APPELLANT WAS DENIED HER RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED TO HER PURSUANT TO U.S. CONST. AMEND VI AND OHIO CONST. ART I, § 10.
Both assignments of error are predicated on the theory that Padgett pleaded guilty only because she was falsely induced to believe that she would be eligible for shock probation. The record, however, does not support that theory.
Padgett had been indicted for four offenses of robbery, burglary, and kidnaping, all with gun specifications. The offenses occurred in early December and she was arraigned and entered a not guilty plea on December 22, 1994. The trial attorney entered his appearance on January 12, 1995. Between that date and January 30, 1995, when the plea hearing was held, her attorney negotiated a plea bargain with the State, which relieved her of two of the four counts of the indictment (including a kidnaping count) and dropping the gun specifications entirely. Part of the plea agreement was a recommendation by the State for two consecutive eight year terms, as an "agreed" sentence.
Tr. 3-4. After the prosecutor presented to the court the plea bargain that had been already made, the counsel for her co-defendant, who was before the court at the same time, when asked if that was his understanding of the plea bargain, stated:
 MR. RENSHAW: That's correct, also, your Honor. And also, in addition thereto, indicated to my client that these other charges the prosecutor mentioned, kidnaping charges and specs, would all be dismissed and these offenses were not subject to probation. However, I'm going to respectfully request a presentence investigation, which I think will enable the Court to know more about my client as well as the young lady standing to my right. And then I believe that report might be beneficial to her after she gets to the institution when the parole board looks at it. Then she may be considered for shock parole some future date, but less than the time that this Court would sentence her.
THE COURT: Thank you.
From that one statement Padgett argues that she was falsely induced to enter her guilty pleas and that her trial counsel was ineffective for not disabusing her of the idea that she would be eligible for shock probation. The record, however, does not support that theory. It is quite clear that the plea bargain, which included the two guilty pleas, was entered into prior to the plea hearing and prior to co-defendants counsel's false statement, quoted above. In addition, Padgett was advised four times in open court that she was not eligible for probation, once by the prosecutor (Tr. 11) and three times by the court (Tr. 8, 11, 15). Finally, after the court had thoroughly complied with the dictates of Crim.R. 11(C), Padgett signed the entry of waiver and plea form which states in bold type "I understand I am not eligible for consideration for probation.
There is nothing in the record that supports the idea that Padgett would not have pled pursuant to her plea bargain if she had been informed that, despite the statement of her co-defendant's counsel, she would not be eligible for shock parole. To think otherwise is to indulge in pure speculation. It is not speculation, however, that Padgett knew that if she rejected the plea bargain, she would expose herself to the risk of heavier punishment.
It has been held that a defendant's plea of guilty is made voluntarily, knowingly, and intelligently if the record demonstrates the trial court complied with the dictates of Crim.R. 11(C), which includes addressing the defendant personally advising him or her that he or she is not eligible for probation, if applicable. State v. Moody (March 16, 1998), Pickaway App. No. 97-CA-13, unreported. This court itself, has held that "If the record from below shows a substantial compliance with the dictates of Crim.R. 11, the constitutional protections against involuntary pleas have been satisfied, and a reviewing court should affirm. See State v. Stewart (1977), 51 Ohio St.2d 86, 92-93,364 N.E.2d 1163." State v. Lewis (June 19, 1998), Montgomery App. No. 16685, at 2, unreported.
Not only does the record of the plea hearing show substantial and thorough compliance by the trial court with Crim.R. 11(C), it also demonstrates that Padgett agreed to her guilty pleas before the suggestion of the possible eligibility for shock probation was made in her presence and was repeatedly advised thereafter that she would not be eligible for probation.
In one of the fillings by Padgett's attorney to this court, after we had granted leave to file a delayed appeal, her appointed counsel advised this court that:
 "as a result of a study of the discovery materials and the transcript of the plea hearing and sentencing hearing, counsel has determined that there may be issues that can best be addressed in a petition for post-conviction relief, pursuant to Ohio Revised Code § 2953.21.
 One issue is whether, due to ineffective assistance of counsel, appellant entered her guilty plea knowingly and voluntarily. Since the determination of this depends on matters not in the record, because they concern private conversations between appellant and trial counsel, this issue cannot be resolved on direct appeal. State v. Barnett (1991), 73 Ohio App.3d 244,248-249."
Memorandum in Support of Motion to Enlarge Time to File Brief for Appellant, July 29, 1998.
According to appellee's brief, Padgett did in fact proceed to file a petition on September 16, 1998 for post-conviction relief. Perhaps Padgett will prevail on that or we shall see the issue presented in this appeal once again in the appeal from the denial of her petition. As it is, the record before us now does not support Padgett's assignments of error. The assignments are overruled and the judgment is Affirmed.
BROGAN, J., and FAIN, J., concur.
Copies mailed to:
Lynda K. Ashbery
Jack W. Whitesell, Jr.
Hon. Adele Riley
Hon. John Kessler