In the instant case, Collins challenges his plea claiming that the trial court committed plain error in failing to advise him that the offenses to which he pled were non-probationable.
This contention is strikingly similar to the proposition of law presented to the court in State v. Stewart (1977), 51 Ohio St.2d 86, where the court set forth Stewart's position at 87, "* * *. Appellant's specific complaint alleges that the trial court failed to advise him that in pleading guilty to murder (R.C.2903.02), he would not be eligible for probation."
The syllabus in Stewart reads as follows:
 Where an individual is indicted on a charge of aggravated murder, with specifications thereto, and the trial court accepts a plea of guilty to the lesser included offense of murder (R.C. 2903.02) without personally advising the defendant that he is ineligible for probation, such omission does not constitute prejudicial error, and there is substantial compliance with the provisions of Crim. R. 11 * * *.
The final paragraph of the court's opinion is also instructive on this limited issue:
 The trial court substantially complied with the requirements in Crim.R. 11, and the failure to personally advise appellant that in entering a plea of guilty to murder he would not be eligible for probation does not rise to the status of prejudicial error.
In applying the law of Stewart to this case, I believe the doctrine of stare decisis compels us to affirm. Accordingly, I would affirm the judgment of the trial court.