JOURNAL ENTRY AND OPINION
In this accelerated appeal, Craig Davis appeals his conviction and subsequent sentence for sexual battery and domestic violence. He assigns the following as error for our review:
 I. THE TRIAL COURT ERRED IN ACCEPTING MR. DAVIS' GUILTY PLEA WHEN SAID PLEA WAS NOT MADE IN A KNOWING, INTELLIGENT AND VOLUNTARY MANNER, AS REQUIRED BY CRIMINAL RULE 11(C) AND THEREFORE WAS IN (SIC) VIOLATION OF THE DUE PROCESS CLAUSE OF THE OHIO AND FEDERAL CONSTITUTIONS.
 II. THE TRIAL COURT VIOLATED THE SENTENCING GUIDELINES OF SENATE BILL 2 IN SENTENCING APPELLANT TO A TERM OF INCARCERATION GREATER THAN THE AGREED UPON SENTENCE ENTERED INTO BY THE PROSECUTION AND DEFENSE COUNSEL.
Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the judgment of the trial court.
The Grand Jury indicted Davis for rape with a sexually violent predator specification and domestic violence involving his live-in girlfriend. He appeared before the trial court for a plea hearing. At the hearing, the prosecutor indicated to the court he would amend the indictment to sexual battery and domestic violence and dismiss the sexually violent predator specification if Davis would enter a plea of guilty to the amended indictment.
Following the court's explanation of the rights Davis would forgo, the court inquired as to whether anyone had made any promises to him to cause him to enter a guilty plea. Davis stated he understood he would get a three-year sentence. The trial court informed Davis the sentence was only a recommendation and the court was not bound by it. The court further stated:
 THE COURT: So that you understand that I can give you one, two, three, four or five years in this case?
MR. DAVIS: Yes, ma'am.
THE COURT: I'm not bound by that, do you understand?
MR. DAVIS: Yes, I do.
The court then explained the allegations against him and stated:
 THE COURT: * * * The charge of sexual battery * * * is a felony of the third degree, punishable by a possible term of incarceration of one, two, three, four or five years as well as a possible fine of up to $10,000. Do you understand the nature of the charge and the possible penalty as I've outlined it?
MR. DAVIS: Yes, I do.
 THE COURT: Do you also understand the charge of domestic violence * * * is a felony of the fifth degree, punishable by a possible term of incarceration of six, seven, eight, nine, ten, eleven, or twelve months in jail, as well as a possible fine of up to $2,500?
MR. DAVIS: Yes.
Davis entered a plea of guilty to sexual battery and domestic violence. The trial court then stated:
 THE COURT: Do you understand the recommended sentence proposed by the State and your counsel is not binding upon this court?
MR. DAVIS: I understand.
In his first assignment of error, Davis argues the court misled him as to the sentence he would receive. He believed he was going to be sentenced only to three years incarceration; therefore, he argues his plea was not voluntary within the scope of Crim.R. 11(C).
Crim.R. 11(C) provides:
 * * * (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation. * * *
The standard for reviewing whether or not the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in substantial compliance with Crim.R. 11(C).[1] Substantial compliance with Crim.R. 11(C) requires the trial court to engage the defendant on the record in a reasonably intelligible dialogue.[2]
Prior to accepting Davis's plea, the court informed him as to every right that he would forego, inquired as to whether he was under the influence of drugs or medication that would impair his ability to understand the proceedings, and explained that by entering a plea of guilty constitutes a complete admission of the charges against him and a waiver of his rights. After Davis answered in the affirmative, the court accepted his plea.
Therefore, we conclude Davis knowingly, intelligently and voluntarily entered a plea of guilty and the trial court did not err when it accepted the plea. Davis's first assignment of error is overruled.
In his second assignment of error, Davis asserts he was misled as to the sentence he would receive; specifically, he was under the assumption that if he pled guilty, he would receive a three-year sentence. However, in his brief, Davis argues the trial court had been required to make specific findings because it deviated from a recommended sentence.
Thus, the query presented in this case is whether a defendant expressly waives the court's required action to make specific findings explaining its deviation from a recommended sentence when a defendant agrees to a sentence that is more than the minimum.
R.C. 2929.14(B) provides:
 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
This court has recently reviewed a similar issue in State v. Hyde[3]. In that case, Hyde appealed a sentence imposed for the offenses of aggravated vehicular homicide and three counts of aggravated vehicular assault, all with D.U.I. specifications. He contended he should have been sentenced to a one-year minimum prison term because he had never served a prison term and the judge did not make the required statutory findings for imposing a greater sentence. Instead, the trial court sentenced him to a maximum term.
Although this case presents an issue regarding a minimum rather than a maximum sentence, we find the rationale applied in the Hyde case to be applicable here. In Hyde, we stated:
 Hyde specifically agreed and accepted the maximum sentence for the aggravated vehicular homicide charge. Where a defendant specifically agrees to accept the maximum sentence, he has essentially conceded that the wrongful conduct at issue satisfies the statutory requirements for imposing the longest prison term, which negates the category finding requirement of R.C. 2929.14(C). To do otherwise would be a vain act. Under these circumstances, we conclude that Hyde waived his right to both a record category finding and the reasons for the category finding under R.C. 2929.14(C).[4]
Accordingly, after reviewing the totality of the circumstances of this plea and sentence, we conclude the trial court was in substantial compliance with Crim.R. 11 when it accepted Davis's guilty plea and, further, Davis waived his statutory right to findings.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., CONCURS; DIANE KARPINSKI, A.J., CONCURS IN PART AND DISSENTS IN PART. (SEE CONCURRING AND DISSENTING OPINION ATTACHED.)
[1] E.g. State v. Stewart (1977), 51 Ohio St.2d 86, 92-93,364 N.E.2d 1163; State v. Rivers 1997 Ohio App. LEXIS 308, (Jan. 30, 1997), Cuyahoga App. No. 70385, unreported.
[2] See, e.g., State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115.
[3] 2001 Ohio App. LEXIS 81, (January 11, 2001), Cuyahoga App. No. 77592.
[4] Hyde, supra. See also, State v. Salsgiver 2001 Ohio App. LEXIS 3529, (August 10, 2001) Trumbull Co. App. No. 2000-T-0048, which states because an accused can waive his constitutional rights in a plea agreement, he can certainly also waive his statutory rights in a plea agreement. * * * appellant's statutory rights, to have the trial court provide reasons for not issuing the minimum sentence according to R.C.2929.14(B) were effectively waived by his valid plea agreement with the state.