OPINION
Jason Manns appeals from his conviction of three counts of rape and two counts of kidnapping in the Clark County Court of Common Pleas following his guilty pleas.
The record demonstrates that, in the summer of 1999, Manns was indicted for a total of nine counts of rape, thirteen counts of kidnapping, and two counts of attempted murder in two separate indictments. Six victims were involved. In December 1999, Manns entered into a plea agreement whereby he pled guilty to three counts of rape and two counts of kidnapping. These counts involved three of the victims. In two instances, the victim had accepted a ride home with Manns from a bar or a party but had been driven instead to a secluded area and raped. In the third instance, the victim had been dragged approximately one hundred feet into an alley and raped. As part of the plea agreement, the state and Manns agreed to a thirty year sentence and to Manns' classification as a sexual offender, and the remaining counts were dismissed.
Manns raises six assignments of error on appeal.
 I. THE TRIAL [COURT] ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO ADDRESS DEFENDANT IN THE MANNER REQUIRED BY CRIMINAL RULE 11.
Manns claims that the trial court did not comply with Crim.R. 11(C)(2) because it did not inform him at the sentencing hearing that it "may proceed with judgment and sentence" upon acceptance of his plea. The trial court, however, did not proceed with judgment and sentence upon acceptance of Manns' plea. Rather, it ordered a presentence investigation and imposed sentence ten days later.
A trial court need only substantially comply with the nonconstitutional elements of Crim.R. 11(C)(2). State v. Nero (1990), 56 Ohio St.3d 106,108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. A defendant must also demonstrate that he was prejudiced by a trial court's failure to adhere to Crim.R. 11(C)(2). State v. Stewart (1977), 51 Ohio St.2d 86, 93.
In this case, there can be little doubt that Manns understood that the trial court would proceed with judgment and sentence sometime shortly after the acceptance of his plea, although the precise timing may not have been known. Moreover, the trial court did order a presentence investigation before it proceeded with sentencing. It is unclear what more Manns could have reasonably expected. In our view, Manns was not prejudiced by the trial court's failure to literally adhere to Crim.R. 11(C)(2).
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY FAILING TO ADVISE DEFENDANT AS TO POSSIBLE DEPORTATION AS REQUIRED BY REVISED CODE § 2943.031.
Manns claims that the trial court erred in failing to advise him as follows, pursuant to R.C. 2943.031(A):
 If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
While it is true that the trial court failed to caution Manns about the risk of deportation for non-citizens, there is nothing in the record to indicate that Manns is not a U.S. citizen. Moreover, R.C. 2943.031(D) expressly provides that Manns must seek redress for the alleged error in the trial court by filing a motion to withdraw his plea, whereupon he will be required to show that "he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." This issue is not properly raised on direct appeal. See State v. McDargh (Nov. 2, 2001), Clark App. No. 2000-CA-94, unreported; State v. Reeder (Apr. 14, 1994), Cuyahoga App. No. 65782, unreported; State v. Thompson (Mar. 21, 1991), Greene App. No. 90 CA 90, unreported. We also note that Manns' failure to raise this issue in the trial court precludes him from raising it on appeal. State v. Esqueda (Sept. 30, 1996), Franklin App. No. 96APA01-118, unreported; Reeder, supra.
The second assignment of error is overruled.
 III. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING CONSECUTIVE SENTENCES.
Manns contends that the trial court erred in sentencing him to consecutive sentences without making the findings required by R.C.2929.14(E)(4).
R.C. 2953.08(D) provides that a "sentence imposed upon a defendant is not subject to review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and prosecution in the case, and is imposed by a sentencing judge." It is undisputed that Manns' sentence satisfied each of these three requirements. Specific findings are not required when the sentence imposed is an agreed sentence and the sentence is within the range authorized by law. State v. Stallard (Aug. 17, 2001), Huron App. No. H-01-013, unreported; State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported, discretionary appeal not allowed (2000), 90 Ohio St.3d 1481.
Thus, Manns' argument is without merit.
The third assignment of error is overruled.
 IV. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO MAKE THE DETERMINATION AS REQUIRED BY REVISED CODE § 2929.14(K).
Manns claims that the trial court erred in failing to make a determination as to whether he was eligible for placement in a program of shock incarceration. We disagree. Although R.C. 2929.14(K) states that the trial court "shall determine" an offender's eligibility for shock incarceration or an intensive prison program, the court is free to "make no recommendation on placement." The statute further provides that, if the court does not make a recommendation under that division, the department of rehabilitation and corrections "shall screen the offender and determine if there is an available program of shock incarceration or an intensive program prison for which the offender is suited." Thus, Manns was not deprived of any determination to which he was entitled.
The fourth assignment of error is overruled.
 V. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO IMPOSE THE REQUIREMENT SET FORTH IN REVISED CODE § 2929.19(B)(3)(f).
Manns claims that the trial court erred in failing to require that he not ingest or be injected with a drug of abuse and that he submit to random drug testing in prison. Nothing in R.C. 2929.19(B)(3)(f) requires the trial court to notify the defendant that he may be subjected to random drug testing while he is incarcerated. McDargh, supra. The legislature has mandated that the department of rehabilitation and corrections establish and administer a statewide random drug testing program for all felons in state correctional institutions. R.C.5120.63(B). We agree with the state that the random drug testing program applies to all prisoners, regardless of when they were sentenced or whether they were notified of the program at the time of sentencing. Manns was not prejudiced by the trial court's failure to inform him of this fact.
The fifth assignment of error is overruled.
 VI. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY SENTENCING DEFENDANT TO CONSECUTIVE TERMS OF PRISON AS THE OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT.
Manns claims that the trial court erred in sentencing him to concurrent ten year sentences for kidnapping and rape in Case No. 99CR269, where the offenses involved dragging a woman into an alley and raping her. He claims that, under these facts, the kidnapping and rape were allied offenses of similar import which should have been merged.
In determining whether rape and kidnapping are allied offenses of similar import, the "primary issue * * * is whether the restraint or movement of the victim [which forms the basis of the kidnapping charge] is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense." State v. Logan (1979), 60 Ohio St.2d 126, 135; State v. Benasutti (July 19, 1996), Clark App. No. 95-CA-109, unreported. The supreme court has held that, where a victim was forced from an alley down a flight of stairs before being raped, the kidnapping and rape were allied offenses of similar import. Logan, 60 Ohio St.2d at 135. Because the facts in this case are very similar to those in Logan, we conclude, as the State appears to concede that we must, that the trial court did err in failing to merge the sentences for kidnapping and rape.[1] Thus, this portion of the trial court's sentence was not authorized by law, and we will vacate the kidnapping conviction in Case No. 99CR269. We note, however, that correction of this error will not shorten the amount of prison time that Manns must serve because of the fact that the rape and kidnapping sentences in Case No. 99CR269 were ordered to be served concurrently.
The sixth assignment of error is sustained.
The kidnapping conviction in Case No. 99CR269 will be vacated. In all other respects, the judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.
[1] Although the state focuses in its brief on the propriety of consecutive sentences with respect to the rapes and kidnappings at issue in Case No. 99CR401, we note that the facts surrounding those offenses were quite different — including significant movement of the victims. Those sentences are not the topic of this assignment of error, nor are they relevant to this assignment of error.