JOURNAL ENTRY AND OPINION
Defendant-appellant Melvin Jones appeals from a judgment of conviction of the Cuyahoga County Court of Common Pleas sentencing him to thirteen years on one count of involuntary manslaughter with a three-year firearm specification. For the following reasons, we affirm.
On September 12, 2000, the Cuyahoga County Grand Jury indicted defendant on one count of Aggravated Murder, in violation of R.C. 2903.01, with a firearm specification and one count of Having a Weapon While under Disability, in violation of R.C. 2923, with a firearm specification. Defendant entered a not guilty plea at his arraignment and defense counsel was assigned to represent him.
On February 1, 2001, the parties notified the trial court that a plea agreement had been reached and that defendant would plead guilty to Involuntary Manslaughter with a three-year firearm specification. As part of the plea agreement, defendant agreed to a prison term of thirteen years.
On June 14, 2001, defendant filed a delayed pro se appeal and motion for appointment of counsel. This appeal now follows and raises one assignment of error for our review:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT JONES ENTERED A KNOWING, VOLUNTARY AND INTELLIGENT PLEA WHEN IT FAILED TO ADHERE TO CRIMINAL RULE 11 IN VIOLATION OF BOTH THE UNITED STATES AND OHIO CONSTITUTIONS.
In his sole assignment of error, defendant claims that he did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform him of his rights and penalties as required by Ohio Criminal Rule 11. We disagree.
Crim.R. 11(C)(2) provides:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
The standard for reviewing whether or not the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review.State v. Stewart (1977), 51 Ohio St.2d 86. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in substantial compliance with Crim.R. 11(C). Id. at 92-93. Substantial compliance with Crim.R. 11(C) requires the trial court to engage the defendant on the record in a reasonably intelligible dialogue. State v. Ballard (1981), 66 Ohio St.2d 473
Here, the record shows that the court conducted an extensive inquiry of the defendant, asking his age and education level, asking whether he was under the influence of drugs or alcohol and whether he was satisfied with his attorney's representation. He responded to all these questions. He also indicated that he understood his various constitutional rights, the result of his plea upon them, and that he would be serving a total of thirteen years for the offenses. The record clearly illustrates that the trial judge engaged in a meaningful dialog with defendant to the satisfaction of Crim.R.11(C)(2). Accordingly, we find that defendant's guilty plea was offered knowingly, intelligently, and voluntarily and that the trial judge substantially complied with the statutory guidelines for accepting a guilty plea.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.