OPINION
{¶ 1} Bobby G. Summerall, defendant-appellant, was indicted by the Franklin County Grand Jury on one count each of rape and sexual battery stemming from an incident that occurred on or about June 19, 2001. Appellant initially entered a plea of not guilty but, on December 10, 2001, he pled guilty to the stipulated lesser-included offense of gross sexual imposition. The trial court ordered a pre-sentence investigation and, on February 1, 2002, appellant was placed on a three-year period of community control.
 {¶ 2} On July 1, 2002, this court issued an order holding that appellant minimally satisfied the requirements of App.R. 5(A), for pursuit of a delayed appeal. In his appeal, appellant asserts the following assignment of error:
 {¶ 3} "The trial court erred by entering a judgment of conviction against Appellant when his guilty plea was not knowing, intelligent, and voluntary and was not in compliance with Crim.R. 11(C), thereby violating Appellant's rights as guaranteed under the United States and Ohio Constitutions."
 {¶ 4} Crim.R. 11(C), pertaining to pleas of guilty in felony cases, provides, as pertinent herein, the following:
 {¶ 5} "(2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 6} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 7} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 8} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 9} The record of the guilty plea hearing discloses that the trial court fully complied with all of the requirements, except that the trial court did not orally inform appellant that, upon acceptance of the plea, the court may proceed with judgment and sentence. However, while represented by counsel, who also represented him at the guilty plea hearing, appellant signed an entry of guilty plea form stating, among other things, that "I understand that the court upon acceptance of my plea of `guilty' may proceed with judgment and sentence." The trial court confirmed that appellant understood the document and signed it under his own free will. The court also established that appellant reviewed the document with his attorney before signing it.
 {¶ 10} Lastly, the trial court continued the sentencing hearing so that a PSI could be completed. Therefore, the trial court did not proceed immediately to sentence.
 {¶ 11} The trial court strictly complied with the provisions of Crim.R. 11(C)(2)(c), which relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process, and the right to require the state to prove guilt beyond a reasonable doubt.
 {¶ 12} The only right in which there was arguably a defect in the oral hearing is the failure to advise appellant that the trial court may enter judgment immediately upon completion of the guilty plea process. This is a non-constitutional right, where only substantial compliance is required. See State v. Stewart (1977), 51 Ohio St.2d 86. There was substantial compliance in this case because, in the written guilty plea form, which appellant acknowledged that he understood and which was explained to him by his counsel, he was informed that the trial court may proceed with sentencing immediately. Additionally, there was no prejudice. Even if appellant were unaware that the trial court could proceed to judgment immediately, part of the plea agreement involved the trial court's ordering a PSI, which the trial court did. Thus, there was no prejudice from the court's omitting any reference to imposing sentencing immediately. See Stewart, supra, at 93.
 {¶ 13} Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.