[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On November 21, 2001, the Franklin County Grand Jury indicted defendant, Howard Chapman, charging him with one count of kidnapping and one count of felonious assault.
 {¶ 2} The matter came before the trial court on March 5, 2002, at which time the assistant prosecutor advised the court that the defendant wished to withdraw his not guilty plea and to enter in its place a guilty plea to the charge of felonious assault. The transcript reveals the following dialogue between the court, counsel, and the defendant:
 {¶ 3} "THE COURT: Okay. Mr. Chapman, have you and Mr. Bates had an opportunity to go through the plea form?
 {¶ 4} "THE DEFENDANT: Yes, sir, we have.
 {¶ 5} "THE COURT: Has he explained the rights you are waiving and what could happen as a result of entering the plea?
 {¶ 6} "THE DEFENDANT: Yes, sir.
 {¶ 7} "THE COURT: I'm going to go through it with you also. If you have any questions, you can ask me or ask Mr. Bates.
 {¶ 8} "I understand you wish to plead guilty to one count [of] felonious assault, carries possible penalty of two, three, four, five, six, seven or eight years in the state penitentiary and a maximum fine not to exceed fifteen thousand dollars.
 {¶ 9} "There is a joint recommendation of four years in the state penitentiary; however, that is a recommendation. The court has the authority to issue any other penalties, as I said to you, minimum of two years to a maximum of eight years in the state penitentiary.
 {¶ 10} "Do you understand that?
 {¶ 11} "THE DEFENDANT: Yes, sir.
 {¶ 12} "THE COURT: Do you have any questions about the maximum penalties or concepts of the recommendation?
 {¶ 13} "THE DEFENDANT: No sir.
 {¶ 14} "THE COURT: Now, by entering this plea, you're going to be giving up your right to be represented by your attorney in a jury trial in which the State of Ohio would have had to prove your guilt beyond a reasonable doubt on each and every one of the elements of the offense that was charged.
 {¶ 15} "Specifically, with respect to — I believe it's Count Two — with respect to Count Two, they would have had to prove that on or about November 12th of last year, you knowingly caused serious physical harm to Tiffany Chapman and/or you caused physical harm to Ms. Chapman by means of a deadly weapon; that being a box cutter.
 {¶ 16} "Do you understand the nature of the charges to which you are entering the plea?
 {¶ 17} "THE DEFENDANT: Yes, sir, I do.
 {¶ 18} "THE COURT: Do you have any questions about that?
 {¶ 19} "THE DEFENDANT: No, sir.
 {¶ 20} "THE COURT: By pleading guilty, you're giving up your right to have a jury trial in which Mr. Bates would have cross-examined any witnesses the State of Ohio would have called; giving up your right to have the State subpoena witnesses for purposes of your own defense; giving up your right to testify or not to testify in that trial as you would so desire; giving up your right to remain silent; giving up your right to have a unanimous jury verdict. Had a jury verdict gone against you, ultimately you will be giving up your right to appeal any adverse verdict.
 {¶ 21} "THE DEFENDANT: Yes, sir.
 {¶ 22} "THE COURT: Do you understand all those rights you're giving up by not having your jury trial?
 {¶ 23} "THE DEFENDANT: Yes, sir, I do.
 {¶ 24} "THE COURT: Do you have any questions about those?
 {¶ 25} "THE DEFENDANT: No, sir.
 {¶ 26} "THE COURT: Have there been any promises or threats made to you by entering this plea?
 {¶ 27} "THE DEFENDANT: No, sir.
 {¶ 28} "THE COURT: Are you entering the plea voluntarily?
 {¶ 29} "THE DEFENDANT: Yes, sir." (Tr. at 2-5.)
 {¶ 30} After the dialogue, the court accepted the defendant's plea and found the defendant guilty of felonious assault. The court then continued the matter until April 25, 2002, in order to allow time for a presentence investigation and report to be prepared. On April 25, 2002, the defendant came before the trial court for sentencing. The court listened to statements from counsel for both parties, as well as the following statement from the defendant:
 {¶ 31} "THE DEFENDANT: Yes, sir. I'm sorry for what I've caused, all the harm that I have done to my wife and her family, all the mishap. I made a very bad choice and I'm very deeply sorry. I don't know how to express how sorry I am. If I can go back and change what I've done, Your Honor, sir, I would do it; but can't. I'm just sorry.
 {¶ 32} "I didn't mean to hurt you, Tiffany. I'm sorry. Please forgive me.
 {¶ 33} "I mean, I have two children that I have to take care of. I'm sorry. I'm just sorry. I don't know what to say. I'm really sorry." (Tr. at 9-10.)
 {¶ 34} After listening to the forgoing, the trial court proceeded to sentence the defendant to serve a term of incarceration of five years. The trial court's judgment entry was journalized on May 6, 2002. Thereafter, on June 17, 2002, defendant filed a pro se motion for leave to appeal. Defendant's motion was granted, and this appeal followed. Defendant now raises the following assignment of error:
 {¶ 35} "The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary."
 {¶ 36} The court has carefully reviewed the record as well as the defendant's appellate brief. However, while the defendant's brief contains a good recitation of the law regarding the acceptance of guilty pleas in criminal felony cases, the sole argument in support of the defendant's assignment of error is as follows:
 {¶ 37} "It appears that Appellant's argument is that while the joint sentencing recommendation was for a four year sentence, the trial court imposed a sentence of five years. The record does not show, however, that the trial court was party to the plea negotiations nor does it appear that the court made any representations on the record as to the sentence that would result from the plea. Nevertheless, counsel respectfully urges the Court to determine whether Appellant's guilty plea met the constitutional requirements discussed above." (Defendant's brief, at 6.)
 {¶ 38} Although the defendant adequately sets forth the standards to be applied to a challenge to a guilty plea, he fails to specify a single instance in which the trial court failed to comply with the defendant's constitutional requirements or the Ohio Criminal Rules of Procedure.
 {¶ 39} In felony cases, the trial court shall not accept a guilty plea without first personally addressing the defendant and complying with the requirements of Crim.R. 11. Crim.R. 11(C)(2) provides that:
 {¶ 40} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 41} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 42} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 43} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 44} It is settled law that these procedural requirements protect the constitutional rights afforded to a criminal defendant. State v. Stewart (1977), 51 Ohio St.2d 86.
 {¶ 45} As set forth above, the transcript of the defendant's plea proceeding shows that the trial court did not err when it accepted the defendant's plea. The trial court first asked the defendant if he had reviewed the plea form with his attorney, and the defendant indicated that he had. The court then proceeded to go through the form with the defendant in open court, stating that the defendant should ask any question that he may have.
 {¶ 46} The transcript shows that the court explained the charge to which the defendant wished to plead guilty, and explained that the charge carries with it a possible penalty of two, three, four, five, six, seven, or eight years' incarceration along with a maximum fine of fifteen thousand dollars. The court also acknowledged that there was a joint sentence recommendation of four years, but specifically advised the defendant that it was a recommendation only, and that the court had the authority to impose any proper penalty under the law. When asked if he understood this, the defendant replied "yes sir." When asked if he had any questions regarding the maximum penalty or the nature of the recommendation, the defendant replied "no sir."
 {¶ 47} The trial court proceeded, explaining to the defendant the rights that he would relinquish if he chose to plead guilty. Specifically, the court explained that he would give up the right to be represented at a jury trial by counsel, and that the state would not have to prove his guilt beyond a reasonable doubt. The court explained that he would also relinquish his right to cross-examine witnesses, his ability to subpoena witnesses, his right to remain silent or to testify in his own defense, his right to be convicted only by a unanimous jury verdict, and his right to appeal. The court again asked the defendant if he had any questions, and the defendant again replied that he did not. In addition, the court asked the defendant if there had been any promises or threats made to induce him to enter a plea. The defendant answered that there had not been any promises or threats. Finally, the court asked the defendant if he was entering his plea voluntarily. The defendant again responded "yes, sir."
 {¶ 48} In light of the detailed information given to the defendant, the dialogue between the court and the defendant, the court's compliance with Crim.R. 11, and the defendant's repeated clear and unequivocal responses, we find that the record clearly establishes that the defendant was properly advised and understood the nature of the charges, the plea, and his constitutional rights. Accordingly, we conclude that the defendant's plea was entered knowingly, intelligently, and voluntarily. Therefore, defendant's assignment of error is overruled, and the judgment and conviction of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.