{¶ 1} I must respectfully dissent from the majority decision because I find that appellant has demonstrated prejudice in the trial court's failure to inform him of the lifetime license suspension.
 {¶ 2} In determining whether a plea would have otherwise been made, some courts review whether the guilty plea was a "wiser course to follow," considering the charges or penalties appellant was facing. SeeState v. Stewart (1977), 51 Ohio St.2d 86, 93; State v. Sherrard, Lorain App. No. 02CA008065, 2003-Ohio-365.
 {¶ 3} In support of its finding that appellant was not prejudiced, the majority stated that one of the two charges against appellant was dismissed, appellant was sentenced to one year less than the possible maximum term, and received substantially less than the maximum fine. However, the dismissed charge against appellant arose from the same incident and would have been merged for conviction and sentencing. Further, since no promises were made to appellant concerning the prison sentence and fine at the time the plea was made, appellant was just as likely to believe that the trial court would impose the maximum sentence and fine. Therefore, it cannot be said that appellant was motivated by the desire to avoid a more severe penalty when he made his guilty plea. See State v. Duiguid (Jan. 25, 1990), Cuyahoga App. No. 56359.
 {¶ 4} While appellant ultimately received less than the maximum prison sentence and fine, he was also not made aware that a lifetime license suspension was a possibility. I believe there is a significant difference between the trial court discussing a five-year license suspension and its silence as to a lifetime suspension or revocation. Therefore, I find that appellant has demonstrated prejudice and the plea should be vacated and his case remanded. For these reasons, I dissent from the majority's decision.