{¶ 20} Because no specific prison term was reserved at either sentencing hearing for his third degree sex offense or fifth degree felony, although Earl Fraley repeatedly violated
 {¶ 21} his community control conditions, he can not receive a prison term. Even if "substantial compliance" with the complicated sentencing statutes were the standard, as it is with Crim.R. 11 plea hearings,[2] I would find notice of possible prison in the fourth year of a five year community control term to be insufficient. As technical compliance is required, see State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165 at ¶ 17-22, I concur with the majority.
 {¶ 22} The purpose of R.C. 2929.19(B)(5) is to require the sentencing judge to put a defendant on notice of the possible prison time which could be imposed for violation of community control sanctions. This is to be done at the sentencing hearing. R.C. 2929.15 (B). Although the trial court did put Fraley on notice that he would receive four years and nine months if he again violated his community control, it was not until the third time he appeared before the judge and over four years had already expired on his community control sanction.
 {¶ 23} The statutes as written do not appear to allow for a correction of an earlier technical omission at a later hearing. Although the judge may have anticipated having a full complement of sanctions available to deal with a violation when she gave Fraley five years of community control, she lost the prison option by failing to say at the sentencing hearing that he could be sent to prison for a specific number of years or months if he violated community control terms. I therefore concur with the majority on both assignments of error.
[2] State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92-93.