{¶ 75} As it appears that strict technical compliance is required by State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 17-26, I reluctantly concur with the majority on the third assignment of error. If "substantial compliance" with the complicated statutes at sentencing were the standard, as it is with Crim.R. 11 plea hearings,[1] I would affirm the trial court in all respects.
 {¶ 76} Although the transcript of the sentencing hearing reveals the care the judge took with respect to explaining why the particular sentence was being imposed, certain "magic words" were not used; specifically, that "consecutive sentences are not disproportionate to the seriousness of [appellant's] conduct and to the danger [appellant] poses to the public." That is the missing language. There is no argument that the sentence was otherwise unwarranted or "contrary to law."
 {¶ 77} R.C. 2953.08(G)(2) which provides for sentencing appeals states that: "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 78} "(a) That the record does not support the sentencing court'sfindings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14 * * *;
 {¶ 79} "(b) That the sentence is otherwise contrary to law." (Emphasis added.)
 {¶ 80} Adkins previously had served a prison sentence for a felony offense in Ohio and at the time of the hearing was on supervised release after being convicted for a separate federal felony offense. The court explained the sentence to Adkins:
 {¶ 81} "* * * I've noted your prior record, your prior felony record, that you have a history of criminal convictions; also, obviously you've not responded to sanctions in the past; these are very serious offenses, all of which makes recidivism more likely. They are more serious offenses because of the nature of the offense and because a handgun was employed putting people in danger, all of which tells the Court that the presumption [for a prison term] will remain in place."
 {¶ 82} "* * * And the Court has also considered the minimum sentence in this case, and because of your prior record and the nature of this offense the Court finds that that would demean the seriousness of the offense, not adequately protect the community.
 {¶ 83} "The Court has also considered concurrent sentences andmakes the same findings, that because of that, and also because these were two separate robberies, you put two separate class — sets of people in danger, that concurrent sentences would not be warranted butconsecutive would be." (Emphasis added.)
 {¶ 84} There is no question that the Court considered R.C. 2929.11
and R.C. 2929.12 as required. Pursuant to R.C. 2929.14(E)(4), the trial court also found that the sentence was necessary to protect the public from future crime or to punish the offender, and found both R.C.2929.14(E)(4)(b) (the multiple offense section) and R.C. 2929.14(E)(4)(c) (criminal history section). The record does not contradict these findings. In fact, an argument can be made that the missing language of "consecutive sentences are not disproportionate to the seriousness of [appellant's] conduct and to the danger [appellant] poses to the public" can be inferred rationally from the foregoing.
 {¶ 85} I believe that remand serves no real purpose. It imposes costs upon the county to transfer Adkins from the institution to the courtroom and back again simply for a rote recitation adding nothing of substance. For upon remand, the trial court may simply recite the forgotten words and impose the same sentence. Until the General Assembly acts to amend language of R.C. 2929.14(E)(4) or otherwise clarify the procedure however, judges must follow the technical and strict requirements of reciting certain language at the sentencing hearing pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
[1] State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v.Stewart (1977), 51 Ohio St.2d 86, 92-93.