{¶ 20} I respectfully dissent. I believe the record demonstrates that the lower court's actions were proper.
 {¶ 21} In the case at bar, counsel agreed that the three charges against appellant were not allied offenses. The trial court discussed the fact that these were not allied with appellant. The trial court further explained appellant's three year mandatory post-release control conditions by explaining to appellant that in addition to his fourteen years, he could serve up to an additional seven years if he violates the terms of his post-release control. He was further informed that he must obtain a GED within six months and undergo domestic violence treatment. In addition, the trial court reiterated these terms to appellant again per his request.[3]
 {¶ 22} I find that the trial judge in the case at bar substantially complied with Crim.R. 11(C). The trial court asked appellant if he understood what was meant by allied offenses of similar import, to which he responded that he did.[4] To comply with Crim.R. 11, a defendant is to be given an "apprisement of the `nature of the charge,'" not an explanation of his rights. State v. Key (Mar. 25, 1982), Cuyahoga App. No. 43836; see, also, State v. Stewart (1977), 51 Ohio St.2d 86.
 {¶ 23} I find the trial court's actions in the case at bar to be proper. The evidence, taken as a whole, demonstrates that the appellant's pleas were knowingly entered and proper. Accordingly, I would affirm the lower court.
[3] Tr. 29.
[4] Tr. 10.