[Cite as *State v. Gaines*, 2025-Ohio-5132.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

    v.                          :

HAROON GAINES,                          :

    Defendant-Appellant.        :

Nos. 114223 and 115225

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-658791-A and CR-22-667768-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Omar Siddiq, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Matthew O. Williams, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this consolidated appeal, Haroon Gaines appeals the trial court's judgments in CR-21-658791-A ("Case 1") and CR-22-667768-A ("Case 2"), asserting

that both pleas violated Crim.R. 11 and that Case 2's sentence, which was made pursuant to the Reagan Tokes Law, was unconstitutional. We affirm.

{¶ 2} Case 1 was indicted on May 3, 2021, and charged Gaines with domestic violence in violation of R.C. 2919.25(A), specifying furthermore that the offender knew the victim was pregnant at the time of the violation; trafficking drugs in violation of R.C. 2925.03(A)(2) that included forfeiture of two cell phones, a scale, and $551 in currency; drug possession in violation of R.C. 2925.11(A) with the same forfeiture specifications; and possessing criminal tools in violation of R.C. 2923.24(A) with the same forfeiture specifications.

{¶ 3} In Case 1, Gaines accepted a plea deal and pleaded guilty to drug possession including all three forfeiture specifications and possessing criminal tools with all forfeiture specifications. The remaining charges were nolled, and Gaines was sentenced to 24 months in prison. The journal entry indicated that Gaines would be held in jail until Case 2 was resolved.

{¶ 4} Case 2 was indicted on February 18, 2022, and charged Gaines with two counts of rape in violation of R.C. 2907.02(A)(2) and one count of assault in violation of R.C. 2903.13(A).

{¶ 5} In Case 2, Gaines accepted a plea deal and pleaded guilty to one amended count of felonious assault. The remaining charges were nolled, and Gaines was sentenced pursuant to the Reagan Tokes Law to four to six years, served concurrently to the sentence imposed in a Summit County case that Gaines was presently serving.

{¶ 6} We summarily overrule Gaines's second assignment of error, which contests the constitutionality of the Reagan Tokes Law. As Gaines acknowledges, this court is bound by the Ohio Supreme Court's decision in *State v. Hacker*, 2023-Ohio-2535, holding that the Regan Tokes Law is constitutional. Gaines has not raised any novel issues concerning the Reagan Tokes Law's constitutionality that have not been addressed in *Hacker*.

{¶ 7} In the first assignment of error, Gaines argues that both pleas were made unknowingly, unintelligently, and involuntarily.

{¶ 8} In both Case 1 and Case 2, Gaines challenges the trial court's statement relating to postrelease control. In Case 1, the trial court stated: "[I]f you violate the conditions of post-release control, the [p]arole [b]oard must impose an additional prison term for up to one-half of any time I impose." (Tr. 10.) In Case 2, the trial court stated: "If you violate the conditions of post-release control, the parole board must impose an additional prison term for up to one-half of any term I might impose." (Tr. 13.) After both advisements, Gaines indicated that he understood.

{¶ 9} Gaines argues that the trial court (1) misstated the law by stating that the board *must* impose prison for violating postrelease control, (2) incorrectly implied in its advisements that the court is going to sentence Gains for postrelease-control violations, and (3) incorrectly stated that the board is also going to impose a sentence that is one-half of the trial court's sentence.

{¶ 10} Since plea deals usually involve waiving constitutional rights, the decision to enter the plea must be knowing, intelligent, and voluntary. *State v.*

*Dangler*, 2020-Ohio-2765, ¶ 10. Crim.R. 11 "outlines the procedures that trial courts are to follow when accepting pleas." *Id.* at ¶ 11. In enforcing Crim.R. 11 challenges, "our focus in reviewing pleas has not been on whether the trial judge has '[incanted] the precise verbiage of the rule,' but whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *Id.* at ¶ 12, quoting *State v. Stewart*, 51 Ohio St.2d 86, 92 (1977). Thus, when analyzing a plea, the Ohio Supreme Court has held that the relevant facts are "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17. Where, as here, the challenges to the court's colloquy are nonconstitutional aspects of the plea, a defendant must show prejudice to invalidate a plea. *State v. Veney*, 2008-Ohio-5200, ¶ 17.

{¶ 11} We find that Gaines has not satisfied his burden pursuant to the third factor in *Dangler*. Since nonconstitutional issues were raised by Gaines, he was required to show that he was prejudiced by the trial court's misstatements. The prejudice he argues is that the trial court "offered a brief, difficult to understand, and possibly incorrect advisal on post-release control[.]" In reviewing both transcripts in their entirety, we cannot agree that Gaines's alleged prejudice is such that would justify invalidating his plea, nor do the transcripts indicate that Gaines did not

understand the consequences of his plea.  Accordingly, we overrule Gaines's second assignment of error.

{¶ 12}  Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Cases remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, P.J., and
SEAN C. GALLAGHER, J., CONCUR