{¶ 52} I respectfully dissent from the majority decision to reverse and remand this case. I would find that Hicks was properly represented by counsel and that he knowingly and voluntarily entered his plea.
 {¶ 53} The majority demonstrates a valid concern for individual rights and demonstrates that trial courts must be vigilant to insure compliance with Crim.R. 11. Nevertheless, when evaluating any record, we must accept what people plainly state on the record. When a representation is made that someone understands the terms of a plea, deviating from what is plainly said or inferring a different meaning or understanding from the dialogue does not serve the interests of justice. Such an approach only invites "claimed" errors.
 {¶ 54} Here, the dialogue of the court, defense counsel, and Hicks during the plea can be described, at best, as disjointed. Countless trial court judges, defense attorneys and prosecutors have dealt with individuals who often say "not guilty" when intending to say "guilty" during a plea. Trial courts focus the accused on understanding the nature of the hearing and the terms of the plea, as occurred here. In this case, the dialogue bears this out:
{¶ 55} "THE COURT: Did you just say you don't know? Do youunderstand what is going on here?
 {¶ 56} DEFENDANT: Yes sir, I'm in trouble. I'm at a hearing.
 {¶ 57} MR. MANCINO: No, you're pleading guilty to the chargethat's been changed. It's been lowered.
 {¶ 58} DEFENDANT: Oh okay. I understand that.
 {¶ 59} THE COURT: Do you plead guilty or not guilty?
 {¶ 60} DEFENDANT: Guilty.
 {¶ 61} THE COURT: To the attempted trafficking in drugs, afelony of the third degree?
 {¶ 62} DEFENDANT: Guilty.
 {¶ 63} THE COURT: I'm going to accept both pleas of guilty andfind each was make knowingly, voluntarily, intelligently, andwith a full understanding of your constitutional and statutoryrights."
 {¶ 64} The original defense counsel claims he was confused about the terms of the original plea agreement, yet the only amendment outlined on the record was the incorporation of the "attempt" statute reducing the offense to a felony of the third degree. There was no mention of reducing the amount of cocaine present from the 10 to 25 gram amount outlined in the original indictment. Further, the record outlines the sentence for a felony of the third degree, a term with a range of one to five years. Had the intention been to delete the reference to the 10 to 25 grams in the indictment, the degree of the offense and the potential sentence would have both changed. Thus, the argument made by Hicks is inconsistent with both the degree of offense and the potential sentence outlined on the record. In addition, Hicks agreed to a one-year sentence as part of the plea, a clear indication he understood the nature and penalty of the charge. Removal of the 10 to 25 gram reference would have reduced the offense to either a felony of the fifth degree, if less than 1 gram, or a felony of the fourth degree, if 1 to 5 grams. In no instance could it have remained a felony of the third degree.
 {¶ 65} A trial court, in accepting a plea of guilty, need only substantially comply with the mandates of Crim.R. 11(C). Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, citing State v. Stewart
(1977), 51 Ohio St.2d 86, 92. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, 51 Ohio St.2d at 93; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Id.
 {¶ 66} Allowing the speculative assertion that there was a misunderstanding as to the terms of the plea undermines the actual record of the proceedings in the case. Since the record is clear that counsel's representation did not fall below the minimum level and that Hicks knowingly and voluntarily entered the plea, I would overrule both assignments of error.